REED, Judge.
This action was commenced in October of 1965 when a complaint was filed by Bethlehem Steel Corporation to foreclose a mechanic’s lien. M & M Investments, Inc. (M & M) was joined as a defendant because it owned the land. Lar Construction Co., Inc. (Lar) was joined as a defendant because it was the general contractor with whom the plaintiff dealt. The issues as between Bethlehem Steel Corporation and the defendants are immaterial to the point on appeal.
On 18 November 1965 Lar filed a cross-claim against M & M alleging that M & M was indebted to Lar for labor, materials, and services furnished M & M for the improvement of the latter’s real property. The cross-claim sought the foreclosure of a mechanic’s lien. The cross-claim was dismissed on a motion of M & M on 4 February 1966 for failure to state a cause of action. An amended cross-claim was filed on 7 February 1966. The amended cross-claim sought the enforcement either of a mechanic’s lien under the Mechanic’s Lien Law or the declaration of an equitable lien. This 'was the only relief sought by the amended cross-claim.
A motion to dismiss the amended cross-claim was denied, and after an evidentiary hearing before the trial judge sitting without a jury a final judgment was entered on 17 July 1968 in the amount of $1,505.68 in favor of Lar. The judgment is solely an award of money damages. This appeal by M & M is from the final judgment.
The basic question presented by this appeal is whether or not the trial court was authorized under the cross-claim to award purely legal relief when a purely equitable claim was pled. Section 84.281(1), F.S.1963 (now F.S.1969 § 713.28(1), F.S. A.) provided:
“If a lienor shall fail, for any reason, to establish a lien for the full amount found to be due him in an action to enforce the same under the provisions of part I of this chapter, he may, in addition to the lien decreed in his favor, recover a judgment or decree in such action against any party liable therefor for such sums in excess of the lien as are due him or which he might recover in an action on a contract against any party to the action from whom such sums are due him.”
Under this statute a lienor would be entitled to a judgment only if he established an entitlement to a lien in some amount. Since Lar apparently failed to prove a right to a lien in any amount, the statute in question would provide no authority for the award of money damages.
 Under our Rules of Civil Procedure, legal and equitable claims may be joined in one complaint (Rule 1.110(g), FRCP, 30 F.S.A.); however, such a join-der was not attempted in the present case. Lar’s cross-claim was addressed solely to the equity jurisdiction of the court. Where the claim, as here, is solely for equitable relief, the trial court may not award legal relief unless a right to equitable relief is both pled and proved. Ramsey v. Lovett, Fla.1956, 89 So.2d 669. An award solely of legal relief under such circumstances is inconsistent with Rule 1.430(a), FRCP, and the right of the opposing party to have claims for legal relief tried by a jury. As *326 additional support for our conclusion see Gralynn Laundry, Inc. v. Virginia Bond & Mortgage Corp., 1935, 121 Fla. 312, 163 So. 706, 709, wherein the Florida Supreme Court held:
“ * * * The pleader must maintain the same attitude throughout the cause, and the court is without authority to award a different remedy than the one prayed for.”
In the present case the trial court clearly awarded legal relief which was neither demanded nor incidental to equitable relief to the cross-claimant. For these reasons the entry of the judgment was error and the same is reversed.
We have reviewed appellant’s other points on appeal and hold them to be without merit.
Reversed.
CROSS, C. J., and OWEN, J., concur.