546 So.2d 68 (1989)
J. BATTEN CORP., Appellant,
v.
OAKRIDGE INVESTMENTS 85, LTD., et al., Appellees.
No. 88-1933.
District Court of Appeal of Florida, Fifth District.
June 29, 1989.
Robert W. Smith, Orlando, for appellant.
Patrick T. Christiansen and Robert L. Harding, of Smith, MacKinnon, Mathews, Harris & Christiansen, P.A., Orlando, for appellees.
DANIEL, Judge.
J. Batten Corporation appeals a final judgment in favor of Oakridge Investments 85, Ltd., and others (Oakridge) in an action for a mechanic's lien, breach of contract and fraud. Judgment was entered after the trial court refused to allow Batten to amend its complaint to allege service of a contractor's affidavit and dismissed the remaining counts with prejudice. We reverse as to the mechanic's lien and breach of contract counts and remand for further proceedings.
In 1987, Batten was hired by Oakridge to construct a restaurant on property owned by Oakridge in Orlando. On January 7, 1988, Batten filed a claim of lien against Oakridge claiming that $82,593.00 remained unpaid. On January 29, 1988, Batten filed suit against Oakridge in three *69 counts. In count I, Batten sought to foreclose a mechanic's lien in the amount of $82,593.00. Count II was an action for breach of the construction contract and count III was an action for fraud and punitive damages. As to this count, Batten alleged that in September 1987, Oakridge had refused to pay for work done by Batten and then induced Batten to complete construction based on Oakridge's fraudulent representation that it would pay the amount due under the contract.
The complaint was later amended in April 1988. In June 1988, Oakridge filed a motion for summary judgment alleging in part that Batten had failed to furnish a proper contractor's affidavit and therefore was not entitled to final payment. Although Batten maintained that the contractor's affidavit it had filed was sufficient, on June 30th Batten moved for leave to file an amended complaint which reflected service of a subsequent contractor's affidavit. The trial court refused to allow Batten to amend its complaint and dismissed the remaining counts with prejudice.
As its first point on appeal, Batten argues that the trial court erred in refusing to allow it to amend its complaint to include a proper contractor's affidavit and then to enter summary judgment in favor of Oakridge.
In Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988), the Florida Supreme Court held that the failure to deliver a contractor's affidavit was not a fatal jurisdictional defect and that an amended complaint may be filed to show delivery of the contractor's affidavit, provided that the statute of limitations has not run prior to the filing of the amended complaint. See also Coquina Ltd. v. Nicholson Cabinet Company, 509 So.2d 1344 (Fla. 1st DCA 1987); Shores of Indian River, Inc. v. Gart Urban Associates, Inc., 478 So.2d 893 (Fla. 4th DCA 1985); McMahan Construction Co. v. Carol's Care Center, 460 So.2d 1001 (Fla. 5th DCA 1984). Since Batten's claim of lien was filed in January 1988, the statute of limitations had not expired[1] and accordingly the trial court should have allowed the amendment. The trial court's reasons for refusing to allow the amendment, that is, that there was no excusable neglect and that Batten's counsel had maintained that he had properly filed an affidavit, are not sufficient in light of the liberal policy of allowing amendments. See Fla.R. Civ.P. 1.190.
Batten also argues that the trial court erred in dismissing count II of its complaint which alleged breach of contract by Oakridge. In McMahan Construction Co. v. Carol's Care Center, we held that the trial court erred in dismissing a count for breach of contract because the court clearly had jurisdiction to hear that matter even if the mechanic's lien count had been properly dismissed. Likewise, here the trial court should not have dismissed the count against Oakridge for breach of contract. See also § 713.30, Fla. Stat. (1987).
Finally, Batten argues that the trial court erred in dismissing count III for fraud and punitive damages. We conclude that this count was properly dismissed. See AFM Corp. v. Southern Bell Telephone and Telegraph Co., 515 So.2d 180 (Fla. 1987); Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988).
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] See § 713.22, Fla. Stat. (1987).