DIAMANTIS, Judge.
Hoepner & Associates, Inc. (Hoepner), appeals a final order involuntarily dismissing its action to foreclose a construction lien. We affirm.
Hoepner, a professional engineering company, executed a contract in which it agreed to perform site engineering services on property; owned by appellee, Stewart Gilman Company. Hoepner thereafter was paid $31,750 pursuant to the contract, but Hoep-ner alleged that it was due the additional sum of $19,250. Hoepner recorded its original claim of lien on August 27,1991, and then recorded an amended claim of lien on September 24, 1991.[1] Hoepner filed suit on the hen on September 24, 1992. At the close of Hoepner’s case at trial, appellee moved for involuntary dismissal, claiming that dismissal was required because Hoepner failed to institute suit on its amended claim of hen within *855 one year of the date of recording its original claim of lien.[2] The trial court granted the motion and entered an order of dismissal, concluding that Hoepner’s recording of its amended claim of lien did not toll the one-year time period within which suit on the lien was required to be instituted and, therefore, dismissal was required because the lawsuit was not filed before August 27, 1992. Hoep-ner has appealed this ruling.
It is undisputed that the instant lawsuit was commenced within one year of the recording of Hoepner’s amended claim of lien but more than one year (approximately 13 months) after the recording of its original claim of lien. The issue in this case is a specific issue of law; namely, whether the statutory one-year time period within which a lienor is required to institute suit on its amended claim of lien commences upon the recording of the original claim of hen or upon the recording of the amended claim of hen. Upon review of case law in this area, we conclude that the trial court properly ruled that the filing deadline must be calculated from the date the original claim of hen was recorded.
In Jack Stilson & Co. v. Caloosa Bayview Corp., 278 So.2d 282 (Fla.1973), the supreme court noted that, although the hen statutes authorize a correction or a change by way of an amendment to an original claim of hen, such amendment does not toll the statutory time to institute suit:
The henor on a given claim has only one hen on that claim which he can pursue within the statute. Of course if there be another separate claim (not merely the same claim corrected by amendment) then a separate hen exists for such independent or different “claim of hen”, and a right of separate suit thereon. The term might be apphed in the matter of claims of hen: “one claim, one hen”.
Id. at 283-84 (emphasis in original).
Our court later rehed upon Stilson in deciding Foy v. Mangum, 528 So.2d 1331 (Fla. 5th DCA 1988). In that case, Foy entered into a contract with Pope, the Mangums’ general contractor, to provide all labor necessary for the framing work needed on the Mangums’ new residence. On October 17, 1983, Pope abandoned the project, but Foy continued to work an additional 11 days. Thereafter, on November 4, 1983, Foy recorded his original claim of hen. On November 23, 1983, the Mangums filed an affidavit of intent to recommence construction on the residence. In response and in accordance with the hen law, Foy recorded a timely amended claim of hen on December 19, 1983.[3] Approximately one year later, on December 10, 1984, Foy instituted suit on his amended claim of hen; however, the trial court entered judgment in favor of the Man-gums, concluding that Foy’s lawsuit was barred because the suit was commenced more than one year after the recording of the original claim of hen. Foy appealed, but this court affirmed, reiterating that a henor has only one hen which he can pursue under the hen law, and that although the henor may correct or amend his hen such amendment does not toll the statutorily imposed time period within which suit must be commenced.
In the instant case, the trial court properly rehed upon these two cases in ruling that Hoepner’s recording of its amended claim of hen did not toll the time period within which Hoepner was required to institute suit in this ease. Accordingly, the trial court’s order dismissing Hoepner’s action to foreclose its construction hen must be affirmed because the evidence is undisputed that Hoepner failed to institute suit within one year from the date its original claim of hen was recorded.
AFFIRMED.
HARRIS, C.J., and GOSHORN, J., Concur.

. The amended claim of lien merely increased the amount claimed to be owed from $19,150 to $19,250 and, thus, the issue of good faith reli-anee by any party is not presented in this case. See § 713.08(4)(b), Fla.Stat. (1991).

. See § 713.22(1), Fla.Stat. (1991) (no lien shah continue for a longer period than one year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction).

. The construction lien law required a claimant to refile a claim of lien within 30 days after an owner filed a notice of recommencement of construction and provided that the failure to do so resulted in the loss of priority as to claimants filing after the 30-day period. § 713.07(4), Fla. Stat. (1983).