661 So.2d 1248 (1995)
Michael HANLEY and Constance Hanley, Appellants,
v.
Robert J. KAJAK d/b/a Bobby Kajak Plumbing, Appellee.
Nos. 94-3030, 95-0578.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
Barry Carothers of Kramer, Ali, Lambert, Fleck & Carothers, Juno Beach, for appellants.
Donald P. Kohl of Donald P. Kohl, P.A., West Palm Beach, for appellee.
PARIENTE, Judge.
We review the final judgment in which the trial court found a valid mechanics' lien in favor of the subcontractor Robert J. Kajak d/b/a Bobby Kajak Plumbing (Kajak), and awarded him money damages and statutory attorney's fees against appellants Michael Hanley and Constance Hanley (Hanleys). We disagree with the trial court's legal conclusion that the Hanleys' commencement of an action pursuant to section 713.21(4), Florida Statutes (1993), resulted in a waiver of the requirement that Kajak file a contractor's final affidavit pursuant to section 713.06(3)(d)(1) as a condition precedent to the maintenance of a lien foreclosure action pursuant to Chapter 713. The fact that the lien foreclosure action was filed by Kajak as a counterclaim does not alter the statutory requirement of 713.06(3)(d)(1) nor excuse noncompliance.
As stated by the supreme court in Aetna Casualty and Surety Company v. Buck, 594 So.2d 280, 281 (Fla. 1992):
Mechanics' liens are "purely creatures of the statute." Sheffield-Briggs Steel Prods., Inc. v. Ace Concrete Serv. Co., 63 So.2d 924, 925 (Fla. 1953). As a statutory creature, the mechanics' lien law must be strictly construed. Home Elec. of Dade *1249 County, Inc. v. Gonas, 547 So.2d 109, 111 (Fla. 1989).
Since Kajak has not shown good cause or justifiable excuse for his noncompliance with the statutory prerequisites, his failure to file a contractor's final affidavit in a timely manner renders the lien invalid. See Timbercraft Enters., Inc. v. Adams, 563 So.2d 1090 (Fla. 4th DCA 1990). See generally Holding Elec., Inc. v. Roberts, 530 So.2d 301 (Fla. 1988).
Because we do not find Kajak requested only equitable relief, compare M & M Investments, Inc. v. Bethlehem Steel Corp., 250 So.2d 324 (Fla. 4th DCA 1971), we affirm the award of money damages of $2,400 against the Hanleys based on the trial court's findings of privity. See generally J. Batten Corp. v. Oakridge Inv. 85, Ltd., 546 So.2d 68 (Fla. 5th DCA 1989). However, we reverse the determination that the lien was valid and accordingly also reverse the award of statutory attorney's fees against the Hanleys pursuant to section 713.29. See M & P Concrete Prods., Inc. v. Woods, 590 So.2d 429 (Fla. 4th DCA), review dismissed, 589 So.2d 294 (Fla. 1991).
POLEN and KLEIN, JJ., concur.