ANTOON, Judge.
Mr. Shaw appeals the trial court’s order directing him to pay Ms. Schlusemeyer’s attorney’s fees and staying the proceedings pending payment of such fees. Ms. Schlu-semeyer was not entitled to receive fees because she was not a “prevailing party” under the facts in this case. Accordingly, we reverse.
David C. Shaw sued Betty Sehlusemeyer for injunctive relief and damages under section 403.412, Florida Statutes (1995), Florida’s Environmental Protection Act. Mr. Shaw’s complaint explained that he owns property in proximity to Lake Proctor in Seminole County. The complaint alleged that Ms. Sehlusemeyer permitted a dam to be constructed in a drainage ditch on neighboring property and that the dam caused water to back up onto Shaw’s property. The complaint charged, among other things, that by constructing the dam, Ms. Sehlusemeyer violated the provisions of Florida’s Environmental Protection Act.
Section 403.412 provides that a private citizen may maintain an action to enjoin others “from violating laws, rules, or regulations for protection of the air, water, and other natural resources of the state.” However, as a condition precedent to maintaining such an action, the person complaining must give notice to the state. This notice is required to be in the form of a verified complaint. The verified complaint is to include the facts upon which the complaint is based and a description of how the complaining party is affected. See § 403.412(2)(c), Fla. Stat. (1995).
Ms. Sehlusemeyer moved to dismiss Mr. Shaw’s complaint on procedural grounds, one of which was that the complaint was not properly verified. The trial court granted the motion, dismissed the complaint without prejudice, and granted Mr. Shaw twenty days to file an amended complaint. Thereafter, upon motion filed by Ms. Sehlusemeyer, the trial court entered an order determining that Ms. Sehlusemeyer was the prevailing party and that Mr. Shaw was obligated to pay her attorney’s fees. In awarding fees, the trial court relied on section 403.412(2)(f) which in pertinent part provides that “in any action instituted pursuant to [The Environ *1188 mental Protection Act] ... the prevailing party shall be entitled to costs and attorney’s fees.”
The Environmental Protection Act does not contain a definition of “prevailing party” nor are there any cases interpreting the term under the Act. Generally, however, the “prevailing party” is the party who prevails on the significant issues in the litigation. Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). Naturally, in order to decide which party has prevailed on the significant issues, in most cases the litigation must have come to an end because at the conclusion of a ease the trial court is in the best position to decide who has prevailed. See Thomber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla.1990). In the instant case, the dismissal of Mr. Shaw’s complaint was without prejudice and he was granted leave to amend the complaint. This was in part because the trial court concluded that Mr. Shaw’s attachment to the complaint was not sufficiently verified. The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal order did not bring the litigation to an end. In fact, by its very terms, the order afforded Mr. Shaw an opportunity to correct what the trial court viewed as a technical defect in his complaint. Under these facts, it was error to award Ms. Schlusemeyer prevailing party attorney’s fees.
In reaching our conclusion, we note that Ms. Schlusemeyer’s reliance on Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988) is misplaced. In Holding, the trial court dismissed a complaint in a mechanic’s lien ease because the plaintiff/contractor failed to attach an affidavit stating that all bills had been paid prior to instituting the suit. Under the mechanics lien law, the contractor was required to deliver the affidavit to the owner at least five days prior to instituting suit. See § 713.06(3)(d)(l), Fla. Stat. (1985). The dispositive issue raised on appeal was whether the contractor’s failure to comply with the statute constituted a fatal jurisdictional defect. The court held that the omission was not fatal and that an amended complaint should have been allowed to establish timely delivery of the affidavit. The court went on to state:
[W]e note that a contractor who fails to give the required affidavit prior to instituting the lien foreclosure suit should be subject to attorney’s fees of that portion of the action attributable to his failure to comply with the statute, irrespective of what occurs in the rest of the lawsuit.
(Emphasis added). Holding, 530 So.2d at 303. Ms. Schlusemeyer cites to this language as support for her attorney’s fee award. We reject this argument because the facts in Holding are distinguishable. In its discussion of the issue of attorney’s fees, the Holding court reflected its policy reasons for supporting an award of fees under the facts of that case. The court explained that the requirement of a timely affidavit under section 713.06(3)(d)(l) “is to protect the owner from having to pay for the same services more than once, and to allow the owner an opportunity to make proper payment before suit is filed.” Id. It appears that, in suggesting that an award of fees in favor of the owner would be proper, the court was authorizing the sanctioning of the eontractor/plain-tiff who failed to provide proper pretrial notice since such notice could have avoided unnecessary litigation.[1] Such policy concerns are not implicated in the instant case.
We reverse the orders awarding attorney’s fees and staying the proceedings pending payment of the fees and remand for further proceedings.
REVERSED and REMANDED.
PETERSON, C.J., and GOSHORN, J., concur.

. Notably, in a separate opinion, Justice Ehrlich took exception to the portion of the majority opinion referring to attorney's fees, stating:
[W]e are dealing with a statutory cause of action and the statute does not provide for the awarding of an attorney's fee under the facts of the case. In my opinion, this is judicial legislation. While the awarding of an attorney's fee under these circumstances may well be in order, that decision rests with the legislature. Holding, 530 So.2d at 304 (Ehrlich, J., concurring in part and dissenting in part).