817 So.2d 983 (2002)
Yves PRIVAS and Janet Privas, husband and wife, Appellants,
v.
BRISSON CUSTOM HOMES, INC., a Florida corporation, Appellee.
No. 4D01-2168.
District Court of Appeal of Florida, Fourth District.
May 29, 2002.
*984 William F. Beggs of Beggs and Vecchio, Fort Lauderdale, for appellants.
No appearance for appellee.
MAY, J.
This is an appeal from a final judgment of foreclosure on a construction lien. The homeowners argue that the trial court erred by entering a judgment in favor of the contractor when it failed to comply with statutory prerequisites to foreclose on its claim of lien. We agree and reverse.
Brisson Custom Homes, the contractor, filed a four-count complaint against the homeowners. Count I sought to foreclose a construction lien. The contractor alleged that it had performed improvements to the property, pursuant to a contract. The homeowners paid most of the contract price, but $149,396.06 remained outstanding. The relevant dates are these:
July 6, 1995contractor records claim of lien with the clerk of court for $129,390.06.
April 9, 1996contractor amends claim of lien to reflect $149,396.06.
May 13, 1996contractor files complaint.
Sept. 3, 1996contractor's affidavit dated and notarized.
Sept. 6, 1996contractor amends complaint.
The homeowners filed a motion to dismiss the complaint, and alleged that the contractor had failed to timely file and serve the contractor's affidavit, pursuant to section 713.06(3)(d), Florida Statutes. The trial court denied the motion.
The contractor filed a second amended complaint on September 17, 1997. The homeowners filed an answer and affirmative defenses, once again raising the lack of a contractor's affidavit having been timely delivered prior to the filing of the action. The trial court heard the matter and entered a final judgment in favor of the contractor on July 19, 2000.
Sections 713.06(3)(d) and 713.22 of the Florida Statutes govern the outcome of this case. Section 713.22, Florida Statutes (2001), provides:
(1) No lien provided by this part shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
Thus, a lawsuit to foreclose on a construction lien must be commenced within one year after the original claim of lien is filed. § 713.22, Fla. Stat. (2001); Hoepner & Assocs., Inc. v. Stewart Gilman Co., 648 So.2d 854 (Fla. 5th DCA 1995). The contractor complied with this provision, however, it failed to comply with its prerequisite.
Section 716.06(3)(d) requires the contractor to provide the owner with an affidavit indicating that all lienors have been paid in full or showing the name of each lienor who has not been paid in full. "The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his or her lien under this chapter...." § 713.06(3)(d), Fla. Stat. (2001). Failure to do so bars the claim. Hanley v. Kajak, 661 So.2d 1248 (Fla. 4th DCA 1995). See also Falovitch v. Gunn & Gunn Constr. Co., 348 So.2d 560 (Fla. 3d DCA 1977).
*985 To have perfected its lien, the contractor was required to serve his affidavit on the homeowner five days prior to filing his complaint. The complaint had to be filed within one year of the original filing date of the claim of lien. In this case, the claim of lien was filed on July 6, 1995. The affidavit therefore had to be delivered five days prior to filing an amended complaint before July 6, 1996. While the contractor filed its original complaint on May 13, 1996, within the one year statute of limitations period, no affidavit had been delivered to the homeowner.
By the time the contractor filed its amended complaint on September 6, 1996, the one-year statutory time period had elapsed. By failing to timely comply with the statutory prerequisite of delivering the affidavit to the homeowner five days prior to filing a complaint within the one-year statutory time frame, the contractor is now "foreclosed" from foreclosing on its claim of lien.
For this reason, the judgment of foreclosure is reversed and the case remanded to vacate the judgment entered on the contractor's claim of lien.
WARNER, and KLEIN, JJ., concur.