GROSS, J.
We address this case upon a certified question from the county court pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A). We rephrase the certified question as follows:
WHERE AN OWNER FILES A NOTICE OF CONTEST OF A CONTRACTOR’S LIEN PURSUANT TO SECTION 713.22, FLORIDA STATUTES (2000), MUST A CONTRACTOR SEEKING TO FORECLOSE THE LIEN FILE ITS FINAL CONTRACTOR’S AFFIDAVIT NO LATER THAN THE 60 DAY LIMITATION PERIOD PROVIDED FOR IN SECTION 713.22(2)?
We answer the question in the affirmative and affirm.
Martin and Judith Yudell entered into a contract with Pierson D. Construction, Inc. whereby Pierson would make additions and renovations to the Yudells’ property for $60,000. On August 9, 2000, Pierson filed a claim of lien against the Yudells’ property alleging that of the $74,054.68 *415 worth of work performed, an unpaid balance of $9,063.46 remained.
The Yudells filed a notice of contest of lien on September 5, 2000. Pierson filed its complaint for foreclosure of a lien on November 3, 2000. Attached to the complaint as exhibits were the agreement between the parties, the final invoice showing a balance of $9,063.46, the claim of lien, and the notice of contest of lien.
On December 5, 2000, the Yudells moved to dismiss. One ground for the motion was Pierson’s failure to comply with Chapter 713, Florida Statutes (2000), in that it failed to furnish a contractor’s final affidavit at least five days before bringing its action and within the 60 day statutory limitation period triggered by the Yudells’ notice of contest. On January 19, 2001, Pierson served the Yudells with a contractor’s final affidavit. The county court later dismissed the case.
Pierson filed an amended complaint on March 13, 2001. It alleged that the January 19, 2001 service of the contractor’s affidavit related back to the November 3, 2000 filing of the lawsuit. The Yudells moved to dismiss, arguing that the January 19, 2001 contractor’s affidavit was untimely, because it was not delivered within sixty days of September 5, 2001, the day the Yudells filed their notice of contest. The county court granted the motion and dismissed the case with prejudice.
Pierson argues that section 95.11 contains the applicable statute of limitations in this case. It is true that Chapter 95, Florida Statutes (2000), generally controls limitations of actions. However, section 95.011, Florida Statutes (2000), indicates that an action “shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elseivhere.” (Emphasis added). Thus, if Chapter 713 contains statutes of limitations applicable to liens, those provisions will prevail over section 95.11. See Carcaise v. Durden, 382 So.2d 1236, 1237 (Fla. 5th DCA 1980) (finding that generally a special statute of limitations will take precedence over a general statute).
The Construction Lien Law, sections 713.001-713.37, Florida Statutes (2000), applies to this case. After a claim of lien against an owner is recorded pursuant to section 713.08, Florida Statutes (2000), the lien is valid for one year, “unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.” § 713.22(1), Fla. Stat. (2000).
An owner may “shorten” the one-year time period if the owner files a notice of contest of lien pursuant to section 713.22(2). Such a notice shortens the statute of limitations to “60 days after service of such notice.” Id. The statute provides:
713.22. Duration of lien
(1) No lien provided by this part shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction. The continuation of the lien effected by the commencement of the action shall not be good against creditors or subsequent purchasers for a valuable consideration and without notice, unless a notice of lis pendens is recorded.
(2) An owner ... may elect to shorten the time prescribed in subsection (1) within which to commence an action to enforce any claim of lien ... by recording in the clerk’s office a notice [of contest of lien]
[[Image here]]
The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his or her lien *416 within 60 days after service of such notice shall be extinguished automatically.
(Emphasis added).
It is the section 713.22(2) 60 day period that is the applicable statute of limitations in this case. The purpose of the notice of contest is to “shorten the time ... within which to commence an action to enforce any claim of lien.... ” § 713.22(2). Like other statutes of limitation, section 713.22(2) bars an action to enforce a lien not filed within its 60 day time frame. See Jack Stilson & Co. v. Caloosa Bayview Corp., 278 So.2d 282, 283 (Fla.1973) (“The purpose of the fixed periods provided in such statutory remedies as the one here involved of the Mechanics’ Lien Law was to make definite and certain the time within which the matter can be considered as ended.”); Charles Redi-Mix, Inc. v. Phillips, 580 So.2d 166, 167 (Fla. 4th DCA 1991), receded from on other grounds by Volksbank Regensburg eG v. Burger, 703 So.2d 538 (Fla. 4th DCA 1997) (stating that the “Notice of Contest acts by operation of law to discharge a lien on the sixtieth day, without intervention of the court”).
Pierson contends that its suit to foreclose the lien was filed within the 60 day limitation period and that the January 19, 2001 service of the contractor’s affidavit may relate back to the November 3, 2000 filing of the lawsuit.
Case law excuses the failure to file a contractor’s affidavit prior to filing suit to enforce the lien; however, in this case, such filing must have been accomplished within the 60 day limitation period of section 713.22(2).
Section 713.06(3)(d), Florida Statutes (2000), requires the contractor to give the owner an affidavit “[w]hen the final payment under a direct contract becomes due the contractor.” While making provisions for the negligent omission of information in an affidavit, the statute provides that the “contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit.” § 713.06(3)(d) 1.
The statute appears to make the delivery of the affidavit a condition precedent to filing suit:
The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his or her lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or her or not.
Id. (emphasis added).
Case law has established that if a contractor’s affidavit is not served on the owner five days before commencing an action, it must still be served within the applicable “statutory limitation period.” Holding Elec., Inc. v. Roberts, 530 So.2d 301, 303 (Fla.1988); see Privas v. Brisson Custom Homes, Inc., 817 So.2d 983, 985 (Fla. 4th DCA 2002); Bell v. Renar Dev. Co., 811 So.2d 780, 781 (Fla. 4th DCA 2002); Hanley v. Kajak, 661 So.2d 1248, 1249 (Fla. 4th DCA 1995); Timbercraft Enters., Inc. v. Adams, 563 So.2d 1090, 1093 (Fla. 4th DCA 1990).
In Roberts, the supreme court held that a contractor’s affidavit could be served after the filing of the complaint, provided that the statute of limitations had not expired. 530 So.2d at 302. In that case, the contractor failed to deliver an affidavit pri- or to commencing its action. The contractor was granted leave to amend the com *417 plaint and filed an amended complaint with the affidavit attached within the one-year statute of limitations that applied in that case. Id. The trial court dismissed the case because the contractor had failed to submit the affidavit five days before filing the original complaint as required by section 713.06(3)(d) 1. Id.
Holding that the dismissal was error, the supreme court ruled that the delivery of a contractor’s affidavit was not jurisdictional, but was a “prerequisite to maintaining the action and must be completed within the statutory limitation period.” Id. at 303; see also Lindberg v. Hosp. Corp. of Am., 545 So.2d 1384, 1387 (Fla. 4th DCA 1989) (recognizing that the supreme court has permitted the filing of a contractor’s affidavit after the filing of the complaint so long as the affidavit is filed within the applicable statute of limitations).
Most recently, this court addressed the issue in Privas. In that case, we reversed the trial court’s entry of judgment in favor of the contractor. 817 So.2d at 984. The contractor had filed a complaint, but failed to timely serve the affidavit. The owners moved to dismiss the complaint, but the trial court denied the motion. Id. The contractor amended its complaint, yet still failed to include the affidavit. Id. The owners answered the complaint and noted the lack of affidavit in their affirmative defenses. Id. The trial court entered judgment in favor of the contractor. Id.
This court found that the contractor filed its claim of lien on July 6,1995 and its complaint on May 13, 1996, without an affidavit being served five days beforehand. Id. at 985. This court reasoned that an affidavit had to be served five days prior to the filing of a complaint and before the statute of limitations ran, calculated from the original filing date of the claim of lien. Id. Because the contractor did not file an affidavit with an amended complaint until September 6, 1996, two months after the one-year statute of limitations had run, this court found that the contractor was “ ‘foreclosed’ from foreclosing on its claim of lien.” Id.
Applying Roberts and Privas to this case, Pierson is precluded from foreclosing on his lien. The operable statute of limitations is the 60 day period provided by section 713.22(2). The 60 day limitation period did not apply in Roberts and Pri-vas, because neither case involved a notice of contest that shortened the limitations period from one year to sixty days. The Yudells filed a notice of contest of lien on September 5, 2000. On November 3, 2000, two days shy of the running of the 60 day period, Pierson filed its complaint. Pier-son did not serve its final contractor’s affidavit until January 19, 2001, after the 60 day limitation period had expired. The county court had no choice but to dismiss the case.
Pierson relies upon McCown v. Pierce Construction, Inc., 552 So.2d 940 (Fla. 4th DCA 1989) and Coquina, Ltd. v. Nicholson Cabinet Co., 509 So.2d 1344 (Fla. 1st DCA 1987). Neither case controls. McCoum involved a contractor’s affidavit that was timely served, with deficiencies, not an affidavit like the one in this case that was served outside the statutory time period. Similarly, Coquina involved a contractor’s affidavit filed during the 60 day limitations period.
Pierson argues that Coquina holds that an absence of a contractor’s affidavit is not fatal to a cause of action. However, Co-quina does not indicate that a cause of action may be maintained with the complete absence of a contractor’s affidavit; the case merely holds that serving the affidavit five days prior to filing the complaint is not essential to maintaining a *418 cause of action, as the supreme court held the following year in Roberts.
For these reasons, we affirm the order of the county court dismissing the case.
WARNER and HAZOURI, JJ., concur.