ROTHENBERG, J.
(dissenting).
I respectfully dissent from the majority’s affirmance of the order dismissing Juan Carlos Aulet’s (“former husband”) Verified Petition for Disestablishment of Paternity, Termination of Child Support Obligation, and Challenge of Acknowledgment of Paternity (“Petition for Disestablishment of Paternity”), filed pursuant to section 742.18, Florida Statutes (2007).

*145
I. FACTS AND PROCEDURAL HISTORY

The former husband and Jinny M. Castro (“former wife”) were divorced in December 2003. Pursuant to the terms of the final judgment and the settlement agreement, the former husband was named as the father of the three minor children born during the marriage, and ordered to pay monthly child support of $666.00 per child, the children’s private school tuition, medical and dental insurance, and fifty percent of the children’s out-of-pocket medical expenses.
On February 23, 2007, the former wife filed a Verified Emergency Motion for Contempt and Other Relief, seeking to compel the former husband to pay the children’s private school tuition and his share of the out-of-pocket medical expenses, as required by the settlement agreement. While the motion for contempt was pending, in March 2007, the former husband learned that the former wife had told several people that he was not the biological father of the parties’ youngest child. To confirm the former wife’s claim, DNA tests were administered on the child on April 5, 2007, and May 1, 2007. The tests determined that there is a zero percent chance that the former husband is the child’s biological father.
The former wife’s motion for contempt remained pending following the former husband’s confirmation that the former wife had been unfaithful during the marriage and had lied both to the former husband and the trial court during the divorce proceedings in 2003.[3] The motion for contempt eventually was heard on September 18, 2007, by a general magistrate, who found the former husband in contempt for failing to pay the three minor children’s private school tuition and out-of-pocket medical expenses.
Within ten days of entry of the contempt order, on September 28, 2007, the former husband filed his Petition for Disestablishment of Paternity, acknowledging that the initial DNA test was administered more than ninety days prior to the filing of the petition. In response, the former wife filed a motion to dismiss, asserting in part that the former husband failed to file his Petition for Disestablishment of Paternity within ninety days of the administration of the first DNA test, as required by section 742.18, which provides in pertinent part:
(1) This section establishes circumstances under which a male may disestablish paternity or terminate a child support obligation when the male is not the biological father of the child. To disestablish paternity or terminate a child support obligation, the male must file a petition in the circuit court having jurisdiction over the child support obligation .... The petition must include:
(a) An affidavit executed by the petitioner that newly discovered evidence relating to the paternity of the child has come to the petitioner’s knowledge since the initial paternity determination or establishment of a child support obligation.
(b) The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of such petition, which results indicate that the male ordered to pay such child support cannot be the father of the child for whom *146 support is required, or an affidavit executed by the petitioner stating that he did not have access to the child to have scientific testing performed prior to the filing of the petition. A male who suspects he is not the father but does not have access to the child to have scientific testing performed may file a petition requesting the court to order the child to be tested.
(Emphasis added).
Following a hearing, the trial court entered an order granting the former wife’s motion to dismiss. The sole issue on appeal is whether the trial court’s dismissal of the former husband’s petition for Disestablishment of Paternity was error.

II. ISSUES

The former husband asserts two grounds for reversal of the trial court’s order: (1) the ninety-day provision enacted by the Legislature in section 742.18(l)(b) impermissibly intrudes upon the Florida Supreme Court’s rulemaking authority in violation of the separation of powers clause of article II, section 3 of the Florida Constitution; and (2) the failure to comply with the ninety-day provision should not serve as an absolute bar for relief from child support obligations where paternity testing conclusively establishes that the obligor is not the biological father of the child. While I remain unpersuaded by the former husband’s first argument, his second argument has merit. I would, therefore, reverse the order under review.
A. The former husband’s constitutional challenge.
Article II, section 3 forbids one branch of government from exercising “any powers appertaining to either of the other branches unless expressly provided herein.” Article V, section (2)(a) of the Florida Constitution, however, expressly grants the Florida Supreme Court the power to “adopt rules for the practice and procedure in all courts.” Thus, generally the Legislature is empowered to enact substantive law while the Florida Supreme Court has the authority to enact procedural law. Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000). We therefore must determine whether section 742.18 creates substantive rights or it is a procedural statute that impermissibly encroaches on the rule-making authority of the Florida Supreme Court.
In Massey v. David, 979 So.2d 931, 936 (Fla.2008), the Florida Supreme Court addressed whether section 57.071(2),[4] which sets forth time limits for filing a written report when seeking expert witness fees, “is a procedural statute that impermissibly encroaches on [its] rulemaking authority.” In finding that the statute does not encroach on its rulemaking authority in violation of article II, section 3, the Florida Supreme Court explained:
[W]here a statute contains some procedural aspects, but those provisions are so intimately intertwined with the substantive rights created by the statute, that statute will not impermissibly intrude on the practice and procedure of the courts in a constitutional sense, *147 causing a constitutional challenge to fail. If a statute is clearly substantive and “operates in an area of legitimate legislative concern,” this Court will not hold that it constitutes an unconstitutional encroachment on the judicial branch. Caple [v. Tuttle’s Design-Build, Inc.], 753 So.2d [49, 53 (Fla.2000) ] (quoting VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983)). However, where a statute does not basically convey substantive rights, the procedural aspects of the statute cannot be deemed “incidental,” and the statute is unconstitutional. Moreover, where this Court has promulgated rules that relate to practice and procedure, and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict. Finally, where a statute has some substantive aspects, but the procedural requirements of the statute conflict with or interfere with the procedural mechanisms of the court system, those requirements are unconstitutional.
Massey, 979 So.2d at 937 (citations omitted) (emphasis in original).
Prior to the enactment of section 742.18 in 2006, see Ch. 2006-265, § 1, at 2818-23, Laws of Fla., a challenge to a paternity determination in a final judgment of dissolution of marriage must have been pursued under Florida Rule of Civil Procedure 1.540. Rule 1.540, however, provides that a motion seeking relief from judgment must be filed within one year after the judgment was entered where the motion seeks relief on the basis of fraud, misrepresentation, or other misconduct of an adverse party. Thus, section 742.18 “created a new cause of action in situations where a male could challenge a paternity determination based on ‘newly discovered evidence,’ rather than allegations of fraud, as previously required.” Johnston v. Johnston, 979 So.2d 337, 338-39 (Fla. 1st DCA 2008) (quoting § 742.18(l)(a), Fla. Stat. (2006)).
In enacting section 742.18, the Legislature therefore created a new substantive right. Further, as the procedural aspect of section 742.18, specifically the ninety-day provision, is “intimately intertwined” with the substantive right created by the statute, the statute does not impermissibly intrude upon the Florida Supreme Court’s rulemaking authority. Thus, the former husband’s constitutional challenge lacks merit.
B. Whether the ninety-day provision in section 742.18(l)(b) is jurisdictional.
If the ninety-day provision in section 742.18(l)(b) is a statute of limitations provision, it is subject to equitable tolling and waiver. However, if this provision is jurisdictional, it would preclude the trial court from exercising jurisdiction over the former husband’s petition as the former husband concedes that the first DNA test was administered more than ninety days prior to the filing of his petition. Because the Legislature did not specify that the ninety-day provision in section 742.18(l)(b) is jurisdictional, and the statute provides no language indicating the Legislature’s intent to limit a party’s ability to disestablish paternity, where it is indisputable that he is not the biological father of the child, to ninety days of the paternity testing, regardless of the circumstances, I conclude that the ninety-day provision is a statute of limitations provision, subject to equitable tolling, waiver, or other defenses that could be raised by a party attempting to disestablish paternity.
Section 742.18 does not specify that the ninety-day provision contained in subsection (l)(b) is jurisdictional, and the statute does not provide guidance as to this issue. The two separate Senate Staff Analyses *148 for CS/SB 438 — one prepared by Judiciary Committee and the other prepared by the Children and Families Committee — -also fail to address whether the ninety-day provision was intended as a jurisdictional time limit or a statute of limitations.
A review of other statutory provisions with time limits, however, reflects that the Legislature has provided jurisdictional language where its intent was to enact jurisdictional time limitations. For example, subsection (2) of section 72.011 sets forth a sixty-day limit for contesting the legality of a tax assessment after it becomes final, and subsection (5) provides that the requirements of subsection (2) “are jurisdictional.” Further, subsection (2) of section 194.171 sets forth a sixty-day limit for challenging tax assessments in circuit court, and subsection (6) provides that the requirements of subsection (2) “are jurisdictional.” See also Hall v. Leesburg Reg’l Med. Ctr., 651 So.2d 231 (Fla. 5th DCA 1995) (holding that the statute limiting the time to contest a tax assessment was jurisdictional).
Courts also have treated other time limits in statutes as statutes of limitations where the statutes do not state that the time limits provided are jurisdictional. For example, in Bridges v. City of Boynton Beach, 927 So.2d 1061, 1064 (Fla. 4th DCA 2006), the court treated the 180-day limit in section 112.3187(8)(b) in which to institute a public sector whistleblower action as a statute of limitations: “[Ujnder the statute of limitations contained in the Whistleblower’s Act, Bridges had to file his action within 180 days of his termination. He failed to do so, and the trial court correctly dismissed his suit on statute of limitations grounds.” See also Pierson D. Constr., Inc. v. Yudell, 863 So.2d 413 (Fla. 4th DCA 2003) (holding that sixty-day limit in section 713.22(2) to institute action to enforce lien treated as a statute of limitations). Cf. Hernandez v. Kissimmee Police Dep't, 901 So.2d 420 (Fla. 5th DCA 2005) (holding that the forty-five-day limit in section 932.703(3) to file forfeiture complaint was not jurisdictional where the statute provides that trial court may extend the forty-five-day period to sixty days for “good cause”).
As the language of the statute and the legislative staff analyses do not indicate that the ninety-day limit in section 942.18(1)(b) was intended as a jurisdictional time limit, I would conclude that the ninety-day period in section 742.18(1)(b) is a statute of limitations. Because the trial court treated the ninety-day provision as jurisdictional, this case should be reversed and remanded for reconsideration on the merits. Accordingly, I respectfully dissent.

. In describing the former wife's behavior, the term "chutzpah" comes to mind. "In Hebrew, chutzpah is used indignantly, to describe someone who has over-stepped the boundaries of accepted behavior with no shame.” http://en.wikipedia.org/wiki/ Chutzpah. Moreover, "chutzpah” is defined as "brazenness; gall.” The American Heritage Dictionary of the English Language 242 (1973).

. Section 57.071(2) provides:
Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness’s opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall he filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court.