Damoorgian, J.
This case concerns the City of Riviera Beach’s attempt to foreclose a code enforcement hen encumbering commercial property owned by Appellee, J & B Motel Corp. The City recorded its lien in the public records in 2003, but did not sue to foreclose until 2015. Appellee moved to dismiss the foreclosure action, arguing that it was barred by either the four or five year statute of limitations set forth in sections 95.11(2)(c) and 95.11(3)(f) of the Florida Statutes. The court agreed and dismissed the City’s code enforcement hen foreclosure count with prejudice. We reverse because the statutes governing code enforcement hens provide that the City had twenty years from the date it recorded its lien to file its foreclosure suit.
Chapter 162 outlines the ways in which a local government can enforce code violations against violating property owners. One such way is to impose a fine. § 162.09(1), Fla. Stat. (2003). If the viola *1103 tor does not pay the ordered fíne, then the local government may record “a certified copy of an order imposing a fine” in the public records. § 162.09(3), Fla. Stat. (2003). The recorded order then becomes “a lien against the land on which the violation exists and upon any other real or personal property owned by the violator.” Id. If not paid within three months from the date of recording, the local government may “foreclose on the lien or to sue to recover a money judgment for the amount of the lien plus accrued interest.” Id. Section 162.10, titled “Duration of Lien,” provides, in pertinent part, that:
No lien provided under the Local Government Code Enforcement Boards Act shall continue for a period longer than 20 years after the certified copy of an order imposing a fine has been recorded, unless within that time an action is commenced pursuant to s. 162.09(3) in a court of competent jurisdiction.
§ 162.10, Fla. Stat. (2003).
Thus, when read in conjunction with section 162.09(3), the plain language of section 162.10 establishes that a local government has twenty years from the date a code enforcement lien is recorded to file a lawsuit seeking to foreclose or recover a money judgment on the lien. This specific limitations period governs over any general limitations period contained in Chapter 96. § 95.011, Fla. Stat. (“A civil action or proceeding, called ‘action’ in this chapter, including one brought by the state, a public officer, a political subdivision of the state, a municipality, a public corporation or body corporate, or any agency or officer of any of them, or any other governmental authority, shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.”(emphasis added)).
Although the plain language implications of the statute of limitations as outlined in section 162.10 appears to be an issue of first impression, the above-outlined interpretation is consistent with the construction given to limitations periods contained in other lien statutes. For example, Florida’s Construction Lien Law contains a limitations section which is almost identical in structure to the one contained in Chapter 162. Section 713.22 is also titled “Duration of Lien” and, in pertinent part, states:
A lien provided by this part does not continue for a longer period than 1 year after the claim of lien has been recorded or 1 year after the recording of an amended claim of lien that shows a later date of final furnishing of labor, services, or materials, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
§ 713.22(1), Fla. Stat. (2016). We have held that the plain language of this subsection creates a one year statute of limitations for filing a lawsuit to foreclose a construction lien. Privas v. Brisson Custom Homes, Inc., 817 So.2d 983, 984 (Fla. 4th DCA 2002). See also Pierson D. Constr., Inc. v. Yudell, 863 So.2d 413, 416 (Fla. 4th DCA 2003) (holding that more specific statute of limitations contained in chapter 713 controlled in construction lien foreclosure case as opposed to general limitations period outlined in Chapter 95). Employing this same logic to a reading of section 162.10, it is plain that the applicable statute of limitations for filing suit to foreclose a code enforcement lien is twenty years. The court erred in ruling otherwise.
Alternatively, Appellee argues that even if the City’s foreclosure suit was not barred by the statute of limitations, dismissal was proper. In addition to its foreclosure count, the City also sued Appellee for breach of contract. The City alleged that the parties entered into a settlement agreement whereby the City agreed to the conditional release of the code enforcement lien in exchange for Appellee’s perform- *1104 anee of certain conditions. Appellee asserts that the settlement agreement bars the City’s foreclosure count and, therefore, urges us to affirm under the “tipsy coachman” doctrine. We reject this argument because it was not raised in any fashion below. Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co., 103 So.3d 866, 869 (Fla. 4th DCA 2012) (“The tipsy coachman doctrine does not permit a reviewing court to reverse on an unpre-served and unargued basis.”). Additionally, there is a fact question about whether the settlement agreement would act as a bar to the City’s foreclosure action. The agreement provides that the City will only execute and provide a “full release of all code enforcement liens” “upon the completion of demolition at the property and installation of ground cover.” The City alleged in its complaint that Appellee did not perform the aforementioned conditions. Thus, dismissal of the foreclosure count based on the settlement agreement would not have been appropriate at this stage in the litigation.

Reversed and remanded.

Gross and May, JJ., concur.