PER CURIAM.
Castro Jesus Flores appeals from simultaneous jury convictions of armed robbery, possession of a firearm during the commission of a felony[1] and two counts of aggravated assault, and from sentences of life term for the robbery conviction and consecutive five-year terms for the aggravated assault offenses.
Flores first claims as error failure of the trial court to appoint an interpreter during the pre-trial proceedings on his motion to suppress his confession. Under Florida law, whether the use of an interpreter is required during trial or certain pre-trial proceedings in order to preserve the defendant’s right to due process is within the sound discretion of the trial judge. See, e. g., Kelly v. State, 96 Fla. 348, 118 So. 1 (1928).[2] We find no reversible error as the record does not demonstrate that Flores was prejudiced by the absence of an interpreter at the preliminary hearing. Cf. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (denial of right to counsel at preliminary hearing may be harmless error). We also reject Flores’ second argument and find that the trial court committed no error in failing to sentence Flores as a youthful offender under Section 958.04(2), Florida Statutes (1979). Flores’ simultaneous convictions for armed robbery and aggravated assault exclude him from mandatory classification as a youthful offender by virtue of Section 958.-04(2)(a). State v. Goodson, 403 So.2d 1337 (Fla.1981).
Affirmed.

. We do not pass on the conviction for the illegal possession of a firearm since it was not presented for our review. See, e. g., Wooten v. State, 404 So.2d 1072, n.2 (Fla. 3d DCA 1981); Monroe v. State, 396 So.2d 241 (Fla. 3d DCA 1981).

. We find Florida law in this respect identical to that of the federal courts prior to the adoption of the Interpreter’s Act, 28 U.S.C.A. § 1827 (1978). See United States v. Martinez, 616 F.2d 185, 188 (5th Cir. 1980), cert. denied, 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981).
“The use of courtroom interpreters involves a balancing of the defendant’s constitutional rights to confrontation and due process against the public’s interest in economic administration of criminal law. . . . That balancing is committed to the sound discretion of the trial judge, reversible only on a showing of abuse. Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 457, 51 L.Ed. 722 (1907); Hardin v. United States, 324 F.2d 553 (5th Cir. 1963); Suarez v. United States, 309 F.2d 709 (5th Cir. 1962); Pietrzak v. United States, 188 F.2d 418 (5th Cir.), cert. denied, 342 U.S. 824, 72 S.Ct. 44, 96 L.Ed. 623 (1951).