TAYLOR, J.
In this appeal from a final judgment of foreclosure, State Road 7 Investment Corp. argues that the trial court erred in: (1) granting judgment to appellee Ñatear Limited Partnership while a cross-claim between State Road 7 Investment Corp. and the City of Plantation concerning a lien was still pending; (2) entering summary judgment on a disputed amount of indebtedness on the note and mortgage; and (3) awarding attorney’s fees to Ñatear in the final judgment of foreclosure for litigating priority against the City of Plantation. We reverse as to the first two points raised by State Road 7, but affirm on the third.
The underlying proceedings began on February 13, 2004, when Ñatear Limited Partnership, et al. (Ñatear) filed a foreclosure action against property owner State Road 7 Investment Group (State Road) and the City of Plantation (City). The initial complaint alleged that State Road defaulted under the promissory note and mortgage by failing to pay the City’s code enforcement liens and owed $238,660.99. State Road’s mortgage specifically stated the following:
(3). PAYMENT OF TAXES, ASSESSMENTS AND ENCUMBRANCES: The Mortgagor shall pay all and singular the taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature on the Property, each in accordance with its respective terms, conditions and requirements, pri- or to delinquency and provide proof of payment to Mortgagee prior to delinquency.
* * *
(7) FORECLOSURE OF LIEN: If foreclosure proceedings of any mortgage encumbering the Property or any lien on the Property of any kind should be instituted, the Mortgagee may, at Mortgagee’s option, immediately or thereafter declare this Mortgage and the indebtedness secured hereby due and payable.
Ñatear included the City in the suit because the City could “claim some, right, title or interest” in the mortgaged property by virtue of the City’s Supplemental Order/Claim of Lien, dated March 18, 2002 *1015 and recorded on May 1, 2002 in the Bro-ward County official records. The City filed a counterclaim against Ñatear and a cross-claim against State Road to foreclose its enforcement liens; it asserted that any interest of Ñatear was inferior to its code enforcement lien.
Pursuant to Florida Rule of Civil Procedure 1.160(g), State Road moved to file a counter cross-claim against the City. According to State Road, when it purchased the property from Ñatear, it was aware that- the property was encumbered by existing code violations, but it indemnified Ñatear “against any losses they may sustain because of the violation since Ñatear was notified as the owner of the property.” State Road complained, however, that it failed to receive notice of subsequent violations or the claim of lien filed on March 18, 2002; thus, it did not ascertain that there were fines and liens encumbering the property until a later date.
Ñatear filed a supplemental complaint alleging that State Road breached the mortgage when the City initiated foreclosure proceedings against State Road. In response, State Road denied all allegations “as to all counts contained in Plaintiffs Supplement to Complaint and demands strict proof thereof.” Later, Ñatear filed a Second Supplemental Complaint, alleging that State Road failed to pay the outstanding balance on all monies due on November 1, 2006, the maturity date. It further alleged that on that date State Road owed $220,922.49 on the principal of the note, plus interest. State Road filed an answer to Natcar’s Second Supplemental Complaint, denying “all allegations as to all counts contained in Plaintiffs Second Supplement to Complaint.... ”
On January 18, 2007, Ñatear and State Road entered into a Stipulation for Settlement, wherein they agreed that $220,992.49 was the principal due on the note. Ñatear agreed to forebear foreclosing on the property on the condition that State Road make progress payments, complete the work required by the City, and pay off the note within the specified time frames. The trial court entered an agreed order adopting the stipulation.
On January 24, 2007, the City filed an amended counterclaim and cross-claim[1] to foreclose code enforcement liens on the mortgaged property, alleging that, pursuant to “Lien Case No. 4168-01-11, there is due and owing to the City of Plantation, the amount of $657,550.00.” On March 24, 2007, State Road answered the City’s amended cross-claim, denying all of the City’s allegations that it owed any damages on the disputed lien. State Road also asserted four affirmative defenses: (1) breach of contract, (2) setoff, (3) waiver, and (4) accord and satisfaction. Specifically, on the breach of contract allegation, State Road alleged:
On or before October 1, 2002, a settlement was reached between State Road 7 and City at which time the City agreed that the Settlement would be submitted to the City of Plantation Special Master for approval. State Road 7 made payments on the settlement agreement. City breached the settlement agreement by, among other things, failing to have the settlement approved by the City of Plantation Special Master, allowing the fines to continue to accumulate, failing *1016 to accept Site Plans that were substantially in compliance with the City’s codes, altering the requirements of the Site Plans and allowing the liens to remain encumbrances on the subject property. As a result of the City’s breach, State Road 7 has incurred damages substantially in excess of $15,000 ... the loss of the subject property based upon the instant action for foreclosure, loss of value of the property....
On August 28, 2008, Ñatear filed its Third Supplement to Complaint, alleging that State Road owed it the principal amount of $287,221.42, plus interest. Based on State Road’s response to the third supplemental complaint, which Ñat-ear contended did not deny the allegations raised in Plaintiffs third supplemental complaint, Ñatear moved for summary judgment[2] against all defendants on November 4, 2008. Relying on its supporting affidavits, dated May 10, 2004, December 14, 2006, and November 8, 2008, Ñatear argued that there was no factual dispute that State Road owed the principal payment and interest on the note and mortgage.
In the November 3, 2008 affidavit, Marc Berson, the general partner of Ñatear, attested that on or about January 18, 2007, Ñatear and State Road entered into a stipulation extending the principal due date until January 18, 2008, and Ñatear later extended the date until July 18, 2008. Berson said that as of November 30, 2008, State Road failed to make payment and owed $287,221.42 due on the principal of the note, plus interest. In addition, Ber-son stated that the City of Plantation subordinated its purported priority lien to Ñatear by a letter agreement dated July 3, 2008. In the letter, Ñatear agreed to pay the City $72,500 in return for the City’s subordinating its priority lien.
Although the other defendants in the action filed a response in opposition to Natcar’s motion for summary judgment, State Road did not oppose the motion; no opposing affidavits are reflected on the record. After conducting a hearing on Natcar’s motion for summary judgment, the trial court granted it.
Soon afterwards, State Road filed a Verified Motion for Reconsideration; Eviden-tiary Hearing; and Adjustment of the order granting summary judgment. State Road alleged that it erroneously submitted an old affidavit, which was drafted prior to the January Stipulation of Settlement. Regardless, State Road explained, “the reason for these extensions and modifications to the stipulation of settlement was due to the fact that all parties were at the mercy of co-defendant City of Plantation’s bureaucracy.” State Road said it was diligently pursuing bringing the property into code compliance, but at every turn it faced City of Plantation “red tape.” The motion further asserted that summary judgment should not have been entered because State Road’s cross-claim against the City was still pending and could affect the amount owed in the final judgment. Additionally, the motion sought to have the summary judgment order adjusted to reflect the true amount of principal due. The trial court denied State Road’s motion for rehearing.
Meanwhile, Ñatear filed a motion for $34,834.50 in attorney’s fees and $925.00 in costs, which the court granted. On January 22, 2009, the trial court entered Final Judgment of Foreclosure against State Road in the total amount of $338,169.20. This amount represented unpaid principal balance on the note of $287,221.42, interest *1017 from May 1, 2008 to January 22, 2009 of $15,126.78, attorney’s fees of $84,656.00 and costs of $1,165.00. State Road appealed the Final Judgment of Foreclosure.
State Road argues that summary judgment was inappropriate given the fact that State Road’s related cross-claim against the City was still pending, the disposition of which could reduce the amount of damages awarded on the foreclosure claim. State Road maintains that Ñatear based the premise of its foreclosure action on State Road’s failure to pay code enforcement violations imposed by the City; yet, the validity and amount of the City’s lien on the mortgaged property was the subject of the cross-claim. Thus, State Road argues, the trial court should have resolved the pending cross-claim before ruling on Natcar’s motion for summary judgment.
Ñatear counters that the cross-claim was independent of its foreclosure action; the cross-claim centered around the amount of the City’s lien rather than on the amount due under its note and mortgage. Essentially, Ñatear argues that resolution of the cross-claim would not be determinative of the amount owed under the note. Ñatear also contends that the amount of the mortgage was never in dispute as State Road admitted, all allegations raised in Natcar’s third supplemental complaint. According to Natcar, “notwithstanding [State Road’s] pending cross-claim against the ‘City’, State Road admitted the mortgage balance to be $287,221.42” when it answered Plaintiffs Third Supplemental Complaint. Therefore, Ñatear argues, there was no issue of material fact precluding summary judgment; State Road admitted that it owed a specific amount on the mortgage.
We summarily reject Natcar’s argument that State Road’s Answer to the Third Supplemental Complaint admitted the allegations therein. Despite a scrivener’s error in cross-references to the multiple complaints filed by Ñatear, it is apparent from the context of State Road’s response to the Third Supplemental Complaint that State Road intended to deny the allegations therein.
We also disagree with Natcar’s position that the trial court properly granted summary judgment while State Road’s cross-claim against the City was pending. Natcar argues that the cross-claim concerned the City lien, not the amount of its mortgage. Although State Road’s cross-claim against the City regarding the propriety of the lien did not need to reference the amount of the mortgage owed to Ñat-ear, the amount of mortgage principal owed to Ñatear could have been impacted by the City’s lien. As State Road points out, “Even if Ñatear had properly produced sufficient evidence to demonstrate that the principal increased as a result of paying the City Payment [allegedly made to subordinate the City Lien], the trial court erred in prematurely granting Summary Judgment to Ñatear because the validity of the City Lien was still pending adjudication” in the cross-claim. In other words, even if Ñatear had not failed to demonstrate (or even allege) that the stipulated amount of principal owed by State Road increased by over $66,000 as the result of Natcar’s payment to the City to subordinate its lien, had the trial court first adjudicated the cross-claim and ruled for State Road, there would have been no City lien for Ñatear to subordinate in the first place. In that case, Ñatear would have overpaid the City and improperly increased the principal amount owed, resulting in unwarranted damages charged to State Road. State Road cites to Davar Corp. v. Tropic Land Improvement Corp., 380 So.2d 482, 483-84 (Fla. 4th DCA 1976), as instructive on this point.
*1018 In Davor, we reversed a summary judgment in a case where a lienor moved to foreclose a mechanic’s lien while the landowner’s counterclaim was still pending. 330 So.2d at 483. The landowner had counterclaimed for damages as a result of the lienor’s breach of contract. We stated that a better practice in such situations would be to:
grant the motion for.partial summary judgment on plaintiffs claim in a specific amount but withhold final judgment thereon until the outcome of the counterclaim is determined, or to grant plaintiff a final judgment but suspend execution thereon until the counterclaim is determined.

Id.

Similarly, in this case, the trial court should have adjudicated the pending cross-claim before ruling on the motion for summary judgment and entering final judgment.
State Road next argues that the trial court erred in granting summary judgment because there was a genuine issue of material fact regarding the principal amount owed on the indebtedness. State Road maintains that the trial court erred in finding that- the principal amount was $287,221.42, which was $66,298.93 more than the parties had agreed to in the court-approved January 18, 2007 Stipulation. Because the record reflects that the amount of the principal indebtedness was a genuine issue of material fact, entry of summary judgment was precluded. Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Florida, 981 So.2d 654, 655 (Fla. 4th DCA 2008) (explaining that Florida courts have long established that for a trial judge to grant summary judgment, there can be no issues of material fact in dispute).
Finally, we find no error in the trial court’s award of attorney’s fees to Ñatear for time spent litigating the city lien priority issue, as this was connected to its “collection of any or all such sums of money” on the note and mortgage. We thus affirm on this issue.

Affirmed in part; Reversed in part.

GERBER, J. and PEGG, ROBERT L„ Associate Judge, concur.

. On April 26, 2007, State Road filed its Amended Cross-Claim Complaint against the City of Plantation alleging breach of contract, declaratory judgment, preliminary and permanent injunctive relief, action to enforce the settlement agreement, and action to vacate existing fines and liens. The trial court subsequently dismissed State Road’s action to vacate the lien.

. Ñatear had previously filed a motion for summary judgment on its first complaint and then again on its second supplemental complaint.