DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAUREN J. SCHINDLER,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON TRUST COMPANY,** national
association f/k/a THE BANK OF NEW YORK TRUST COMPANY, N.A.,
as successor to JP MORGAN CHASE BANK, N.A., as Trustee for
RAMP 2003RZ4,
Appellee.

No. 4D13-4825

[April 8, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Howard H. Harrison, Senior Judge; L.T. Case No.
502012CA009062XX.

Lauren J. Schindler, North Palm Beach, pro se.

K. Denise Haire and Nicole R. Topper of Blank Rome, LLP, Boca
Raton, for appellee.

KLINGENSMITH, J.

Lauren J. Schindler ("Defendant") appeals the trial court's final
judgment of foreclosure in favor of the Bank of New York Mellon Trust
Company ("Bank"). After Bank's first foreclosure case against Defendant
was dismissed pursuant to Florida Rule of Civil Procedure 1.420(b) ("rule
1.420(b)"), Bank filed a second complaint seeking to foreclose the
mortgage predicated on the same default that was alleged in its
previously dismissed foreclosure suit. Defendant claims that the order of
dismissal acted as an adjudication on the merits, and Bank was
therefore required to provide a new notice of breach of the mortgage
agreement to support its second complaint. We agree.

Bank sent a default letter to Defendant notifying her that she had
defaulted on her mortgage payments and that it was accelerating the
debt. Soon thereafter, Bank filed its initial complaint and commenced a
foreclosure suit against Defendant. The trial court granted Defendant's

motion to dismiss due to Defendant's failure to verify the initial complaint, and gave Bank thirty days to amend. Bank failed to amend within the time allotted, and Defendant filed a second motion to dismiss pursuant to rule 1.420(b). Following a hearing on the second motion, the trial court issued an order providing Bank an additional twenty days to amend. Within that order, the trial court memorialized a stipulation by the parties that in the event Bank failed to amend within twenty days, Defendant could notify the court and the case would be dismissed "in accordance with the rule without the need for an additional motion or hearing." No amendment was ever filed. The trial court then dismissed the case, noting that Bank had "chosen not to timely file an amended complaint," and that the case was dismissed "pursuant to [rule] 1.420(b)."

Bank later filed a second complaint seeking to foreclose the mortgage, listing the same default date as indicated in the first complaint. As her first affirmative defense to the second complaint, Defendant argued that pursuant to Paragraph 20 of the mortgage, the lender was not permitted to foreclose until it had notified the buyer of a breach of the mortgage agreement. She claimed that because Bank's case was predicated on the same default that was alleged in its previously dismissed foreclosure suit, Bank's second case was barred by the doctrine of res judicata. The trial court disagreed, and interpreted the preceding judge's order dismissing the case pursuant to rule 1.420(b) as a dismissal "without prejudice," rather than an adjudication on the merits, because the order did not contain express language stating that it was dismissed "with prejudice." At the conclusion of trial, the court ruled in favor of Bank and thereafter issued its final judgment of foreclosure. This appeal followed.

Rule 1.420(b) states:

> (b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under rule 1.090(d). After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment

2

against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.*

Fla. R. Civ. P. 1.420(b) (emphasis added).

Rule 1.420(b) provides that if a case is dismissed pursuant to the rule for a reason other than lack of jurisdiction, improper venue, or failure to join an indispensable party, the order operates as an adjudication on the merits "[u]nless the court in its order of dismissal otherwise specifies." *Id.* When an order of dismissal purports to adjudicate a case on the merits, this means that the case has been dismissed with prejudice. *See Smith v. St. Vil*, 714 So. 2d 603, 604 (Fla. 4th DCA 1998) (discussing involuntary dismissals pursuant to rule 1.420(b) and stating that "[i]n regard to orders of dismissal . . . the words 'with prejudice' normally connote that there has been an adjudication on the merits").

The court's order of dismissal clearly stated that the case was being dismissed "pursuant to [rule] 1.420(b)" due to Bank's failure to amend and verify the complaint. It did not make reference to a lack of jurisdiction, improper venue, or lack of an indispensable party. Moreover, the order did not specify that even though the dismissal was entered pursuant to rule 1.420(b), it was *not* intended to be an adjudication on the merits. Absent one of the exceptions as stated in the rule or a clear expression to the contrary, a dismissal pursuant to rule 1.420(b) is an adjudication on the merits, and, by effect, a dismissal with prejudice.

Although this court has recognized that dismissing a case with prejudice "is a drastic remedy which courts should employ only in extreme situations," *see Townsend v. Feinberg*, 659 So. 2d 1218, 1219 (Fla. 4th DCA 1995), a trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. *Allstate Ins. Co. v. Montgomery Ward*, 538 So. 2d 974, 974-75 (Fla. 5th DCA 1989). Additionally, "[p]rior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious." *Townsend*, 659 So. 2d at 1219*; see also Taylor v. City of Lake Worth*, 125 So. 3d 267, 267

(Fla. 4th DCA 2013) (reversing order dismissing complaint with prejudice "because the order does not contain an express written finding of willful noncompliance for dismissal pursuant to [rule] 1.420(b)"); *Cummings v. Warren Henry Motors, Inc.,* 648 So. 2d 1230, 1232 (Fla. 4th DCA 1995) ("[A] dismissal of an action as a sanction for violating an order of the court is error where the court fails to make an express written finding of a party's willful or deliberate refusal to obey a court order."). Here, the order of dismissal stated that it was entered because Bank "chose[] not to timely file an amended complaint," thereby satisfying the requirement of an express written finding that Bank's noncompliance was indeed willful.

Bank's argument that it was not properly notified that the order would act as a dismissal with prejudice is without merit. A trial court cannot dismiss a case with prejudice under rule 1.420(b) for failure to amend if it has not first notified the offending party of the consequences of failing to amend. *See First Union Nat'l Bank v. Hartle*, 579 So. 2d 295 (Fla. 4th DCA 1991) (ruling in part that lower court erred by dismissing case pursuant to rule 1.420(b) where court did not indicate failure to comply with order to amend would result in dismissal of the action); *see also Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So. 2d 51, 54-55 (Fla. 3d DCA 1982) (stating that "once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, that complaint may subsequently be dismissed with prejudice only if one of two notice conditions are met, (1) separate notice to plaintiff of hearing on the motion for dismissal with prejudice or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice"). In the instant case, it is clear from the record that Bank was given adequate notice of what would happen in the event that it failed to timely amend its complaint. In its penultimate order of dismissal that gave leave to amend, the trial court warned the parties that a failure to amend the complaint would result in a dismissal under rule 1.420(b).

According to the plain language of rule 1.420(b), the order dismissing Bank's first foreclosure suit was rendered with prejudice as an adjudication on the merits due to Bank's failure to comply with its terms. The trial judge therefore erred by ruling that the case had been dismissed without prejudice.

Because Bank's second foreclosure action was predicated upon the same default raised in the first action, the prior adjudication on the merits barred Bank from relying on that default under the doctrine of res judicata. *See Singleton v. Greymar Assocs.*, 840 So. 2d 356, 356 (Fla. 4th

4

DCA 2003), *aff'd,* 882 So. 2d 1004 (Fla. 2004) (stating that res judicata does not bar a subsequent foreclosure action against a party so long as the succeeding action is predicated upon a "new and different breach" of the mortgage agreement).

We therefore reverse the trial court's ruling on this issue and remand the case for entry of an order of dismissal. As a result, all other points raised by Defendant on appeal are moot.

*Reversed and Remanded with instructions.*

STEVENSON and CIKLIN, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

5