DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL E. SILL** A/K/A **MICHAEL SILL,**
Appellant,

v.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,**
Appellee.

No. 4D14-1014

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland, Judge; L.T. Case No. 13-10157 CA.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellant.

Elizabeth T. Frau of Ronald R. Wolfe & Associates, P.L., Tampa, for appellee.

STEVENSON, J.

Michael Sill appeals a final judgment of foreclosure entered in favor of JPMorgan Chase Bank ("Chase"). He raises three issues: (1) Chase lacked standing; (2) Chase failed to prove if, when, and how the notice of default was sent; and (3) Chase was required to send a new notice of default after it voluntarily dismissed the first suit and before it filed the second suit. We affirm on all issues, but write to address the third—whether a new notice of default was required.

On April 2, 2007, Sill executed a promissory note and mortgage on his property. He defaulted on the loan July 1, 2009. Chase sent Sill a notice of default dated August 28, 2009, advising him he had thirty days to cure the default or the loan would be accelerated. This notice of default was required under paragraph 22 of the mortgage, which reads:

> Lender shall give notice to Borrower *prior to acceleration following Borrower's breach of any covenant or agreement* in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a

date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

(emphasis added).

Sill did not cure the default, and Chase filed a foreclosure complaint against him in October of 2009. Chase voluntarily dismissed the foreclosure action on March 7, 2013, but six weeks later filed a second foreclosure complaint against Sill based on the same July 1, 2009 default.

Sill argues that paragraph 22 of the mortgage required Chase to mail a second notice of default before filing the second foreclosure action. We disagree.

The Fifth District addressed an analogous pre-suit notice issue in *Kuper v. Perry*, 718 So. 2d 859 (Fla. 5th DCA 1998). There, Kuper sustained an injury while exiting a sheriff's van at the county jail. Under section 768.28(6)(a), Florida Statutes, he was required to present his claim in writing before filing suit. *Kuper*, 718 So. 2d at 860. In 1993, Kuper filed his pre-suit notice as required by the statute. He filed suit against the Sheriff and County Board of Commissioners in 1994. In 1996, he voluntarily dismissed his complaint without prejudice, but six days later refiled the lawsuit with a "virtually identical complaint." *Id.* The Sheriff moved to dismiss the second suit, arguing that Kuper did not comply with the pre-suit notice requirement. The trial court granted the dismissal. The appellate court reversed, holding that, because "the 1994 and 1996 complaints do not involve different facts, different relief, a different claimant, a different cause of action, or new allegations," there was no practical purpose in requiring an additional notice. *Id.* at 861.

We recognize we recently held that, where a complaint was dismissed with prejudice and was thus an adjudication on the merits, the bank was required to provide a new notice of default to support its second complaint. *Schindler v. Bank of N.Y. Mellon Trust Co.*, 40 Fla. L. Weekly D812, D813 (Fla. 4th DCA Apr. 8, 2015). The holding in *Schindler*—that a borrower is entitled to a new notice before the second complaint is filed—applies where the dismissal of the first complaint was an adjudication on the merits. Here, the first complaint was voluntarily dismissed without prejudice, and thus was *not* an adjudication on the merits. The second complaint here

was based on the same July 1, 2009 default, and, as in *Kuper*, involved the same facts, relief, claimants, causes of action, and allegations.

Chase filed the new complaint less than two months after it voluntarily dismissed the first suit. Sill had not made any payments between receipt of the 2009 notice of default and the filing of the second complaint in 2013. The mortgage does not require that a new notice of default be sent, and we find that requiring a second notice of default would serve no practical purpose. As such, Chase's 2009 thirty-day notice of default remained valid and a second notice of default was not required before filing the second complaint based on the same default. Accordingly, we affirm.

*Affirmed.*

WARNER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3