DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLON JOEL RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1824

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502012CF012498AXXXMB.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

The appellant challenges his convictions for numerous crimes, arguing that he was deprived of his constitutional rights to counsel and due process when the trial court did not dedicate a Spanish-language interpreter to sit at the defense table throughout the trial and thereby interpret and facilitate communications between the appellant and his attorney. We find that, given the circumstances in this case, the trial court fashioned an accommodation that comported with the appellant's rights to counsel and due process.

A Spanish-language interpreter was appointed to interpret the trial proceedings for the appellant. Just prior to the testimony of the first of two victims, both of whom spoke Spanish but not English, the state asked to use the defendant's interpreter during the victims' testimony. Defense counsel expressed the following concern:

I did not realize that the state would be using my interpreter. My client has . . . participated in these proceedings and he's

very detail oriented. And when I went to sit back down I wanted to communicate with my client in reference to what this witness would be saying, like I would do in any trial. And by having the Spanish interpreter to go and stand next to the state's witness through the testimony, my client would be denied the opportunity to actually communicate with his attorney.

Defense counsel requested the court either "get a second interpreter so that my client will not be denied access to his attorney," or "provide some type of accommodations . . . because . . . we want to be able to communicate and write down notes together." The state explained that it had attempted to secure its own interpreter but "they use one interpreter for both." The state then proposed the following accommodation: "[The appellant] can take notes, and then after we're done he can go back and discuss his notes with his attorney." Defense counsel unsuccessfully objected to the proposal.

Early on during the first victim's testimony, defense counsel asked for "a moment with the interpreter," and a recess was taken. At the conclusion of the recess, the court asked if everyone was ready, and defense counsel said, "Yes." Defense counsel did not ask for any more breaks to confer with the appellant during the first victim's testimony, and the transcript does not indicate that she asked for any type of break or recess prior to beginning cross-examination. At the end of cross-examination, the trial court granted defense counsel's request for a moment with the interpreter. During the testimony of the second victim, again, defense counsel did not ask for any breaks, and the trial transcript does not reflect that she took an opportunity to confer with the appellant through the interpreter prior to cross-examination of the second victim.

"The use of an interpreter at trial is a matter within the trial court's discretion." *Fernandez v. State*, 21 So. 3d 155, 157 (Fla. 4th DCA 2009) (citations omitted); *see also Flores v. State*, 406 So. 2d 58, 59 (Fla. 3d DCA 1981) ("Under Florida law, whether the use of an interpreter is required during trial or certain pre-trial proceedings in order to preserve the defendant's right to due process is within the sound discretion of the trial judge.").

The appellant relies on the right to counsel provisions of the United States and Florida Constitutions in arguing that his rights were violated by the court's failure to appoint a second interpreter. He also relies on the due process provision of the Florida Constitution in support of his

2

argument.[1]

"A non-English speaking defendant has the right to an interpreter, a right grounded on due process and confrontation considerations of the Constitution." *Tehrani v. State*, 764 So. 2d 895, 898 (Fla. 5th DCA 2000) (citation omitted); *see also Mendoza v. U.S.*, 755 F.3d 821, 827 (7th Cir. 2014) ("A criminal defendant is denied due process when he is unable to understand the proceedings due to a language difficulty. And a criminal defendant has a due process right to communicate with counsel." (internal citations omitted)). The issue raised here is whether the accommodation made by the trial judge satisfied these constitutional protections. We are not aware of any Florida cases on point, and the parties have not directed our attention to any such cases. However, federal case law provides guidance.

In *U.S. v. Bennett*, 848 F.2d 1134 (11th Cir. 1988), *superceded by rule on other grounds as recognized in U.S. v. Moore*, 504 F.3d 1345, 1347 (11th Cir. 2007), three Spanish-speaking defendants were tried with two other defendants. Only one of the three Hispanic defendants was represented by an attorney who spoke fluent Spanish; and the trial court appointed one interpreter to serve all three. The interpreter sat near the witness stand and interpreted the testimony of English-speaking witnesses by speaking into a microphone that fed into headsets worn by the three Hispanic defendants. On appeal of their convictions, the three Hispanic defendants argued that the trial court's failure to appoint individual interpreters violated their rights under the Court Interpreters Act[2] and the Sixth Amendment, as they were prevented from

[1] "The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). The counsel clause in Article I, section 16 of the Florida Constitution provides that "[i]n all criminal prosecutions the accused shall, upon demand . . . have the right to . . . be heard in person, by counsel or both . . . ." Article I, section 9 of the Florida Constitution provides in pertinent part that "[n]o person shall be deprived of life, liberty or property without due process of law."

[2] The court in *Bennett* elaborated on the Act:

> The Court Interpreters Act was enacted in 1978 to require the federal courts to appoint interpreters in certain cases. The Act is triggered:

> [I]f the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a

3

communicating with counsel. The Eleventh Circuit rejected the argument. *Id.* at 1140. The court first characterized the defendants' argument as one requiring courts to appoint two interpreters for each defendant – "one to translate the proceedings, and one to translate any communication between the defendant and his attorney." *Id.* at 1141. The court recognized that the Congress envisioned the use of one interpreter in multi-defendant criminal cases. The court also reasoned that the defendants had "ample opportunity to consult with their attorneys" during breaks in the proceedings during which they were allowed to consult with their attorneys through the interpreter. *Id.* The court also found that the use of one interpreter did not violate the defendants' Sixth Amendment rights: "As a constitutional matter the appointment of interpreters is within the district court's discretion. Here, the trial court's use of the interpreter represented a proper balancing of appellants' constitutional rights to confrontation and due process against the public interest in the economical administration of criminal law." *Id.* (internal citations omitted).

The Seventh Circuit cited favorably to *Bennett* in *United States v. Johnson*, 248 F.3d 655 (7th Cir. 2001). There, three of four defendants tried together argued on appeal that the trial court abused its discretion and violated their Fifth and Sixth amendment rights by not providing an additional court-appointed interpreter to sit at the defense table. As in

---

> defendant in a criminal case), or a witness who may present testimony in such action –
>
> (1) speaks only or primarily a language other than the English language; or
>
> (2) suffers from a hearing impairment (whether or not suffering also from a speech impairment)
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of question and the presentation of such testimony.

*Bennett*, 848 F.2d at 1140 (quoting 28 U.S.C. § 1827(d)); *see also* 28 U.S.C. § 1827(d)(1) (2012). Although there is a Florida statute that addresses the appointment of interpreters to translate for non-English speaking or otherwise language-impaired witnesses, *see* § 90.606, Fla. Stat. (2012), there is no Florida statute addressing the appointment of interpreters for defendants in criminal proceedings.

*Bennett*, one interpreter had been appointed to translate the proceedings from English to Spanish for the three Spanish-speaking defendants. During trial, the defense attorneys informed the court that the defendants could not communicate with counsel without an additional interpreter. One of the attorneys proposed taking breaks before and after cross-examination of each witness so that the defendants could communicate with counsel through the interpreter. *Id.* at 659-60. The court added that the defendants should take notes in Spanish, "and then you can simply ask for a few moments while the interpreter reviews with you the notes." *Id.* at 660. On appeal, the court found no violation of the Court Interpreters Act, *id.* at 663, and also concluded there was no constitutional violation:

> While we do read the Constitution as ensuring a defendant's right to communicate with his or her counsel, we do not read the Constitution as mandating the appointment of an additional interpreter to sit at the defense table. The solution adopted by the district court to allow the defendants to use the court-appointed interpreter to communicate with their counsel during breaks fulfilled the defendants' right to communicate with counsel. The record reflects that the defendants' communication with counsel was not constitutionally infirm.

*Id.* at 664.

In *Mendoza*, 755 F.3d 821, the court provided the Spanish-speaking defendant with an interpreter who sat at the defense table. The defense attorney did not speak Spanish. The interpreter was pulled away from the table in order to interpret for a Spanish-speaking witness. In a postconviction proceeding, the defendant argued that he was denied due process when the court moved the interpreter away from the defense table as it deprived him of the ability to communicate with counsel. The court rejected the claim, reasoning that a second interpreter sat at the defense table during the entirety of the witness' testimony. *Id.* at 825-26. Relying on *Johnson*, the court opined, in dicta, that even if a second interpreter had not been seated at the defense table during the witness' testimony, the defendant's due process claim would still fail:

> [N]either the Constitution nor the [Court Interpreters Act] guarantees simultaneous interpretation of attorney-client communications. Even assuming that no interpreter had been sitting at the defense table to enable Mendoza to communicate with counsel during [the witness'] testimony,

5

> [the two interpreters] were available for that purpose at all other times that second day of trial. Indeed, interpreters were available to interpret for Mendoza throughout the trial, including breaks. The court took a lunch break after [the witness'] testimony; Mendoza could have communicated with counsel before or during that break.

*Id.* at 829 (internal citation omitted).

We agree with the federal courts' constitutional analyses with respect to a criminal defendant's right to an interpreter. The appellant was provided an interpreter, who was apparently interpreting the English-speaking witnesses' testimony as well as communications between the appellant and his attorneys. That interpreter was pulled from the defense table when the Spanish-speaking victims testified, so that the court, jurors, and defense counsel could understand their testimony. The court directed the appellant to take notes and offered to allow the appellant and counsel to confer through the interpreter during breaks, but defense counsel did little to take advantage of this accommodation. Under the circumstances of this case, the trial court's accommodation was not an abuse of discretion.

*Affirmed.*

GROSS and GERBER, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**