**BANK OF NEW YORK MELLON f/k/a Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006–9T1 Mortgage Pass-through Certificates, Series 2006–9T1, Appellant,**

v.

**David G. WITHUM, Jessica A. Withum, Unknown Tenant # 1, and Unknown Tenant # 2, Appellees.**

No. 4D15–1986.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Christopher P. Hahn of Maurice Wutscher LLP, Miami, for appellant/cross-appellee.

Terrence P. O'Connor of Morgan, Carratt and O'Connor, Fort Lauderdale, for appellees/cross-appellants David G. Withum and Jessica A. Withum.

KLINGENSMITH, J.

Appellant Bank of New York Mellon ("Bank") appeals the trial court's final order in favor of appellees David and Jessica Withum ("Borrowers"). After a non-jury trial, the trial court entered judgment for Borrowers because Bank failed to satisfy the condition precedent of complying with Paragraph 22 of the mortgage. For the reasons stated herein, we reverse.

After Borrowers' defaulted on their mortgage, Bank sent them a breach letter of acceleration pursuant to Paragraph 22 that included the date by which Borrowers had to cure the outstanding amount before Bank could accelerate the note. Several months later, after Borrowers made a few partial payments, Bank sent them three separate notices of acceptance of partial payment for each payment received, with each stating a different amount needed to cure. All of the partial payment notices referred to the same acceleration date contained in the initial breach letter of acceleration. The partial payment notices also informed Borrowers that Bank would accelerate the note and initiate foreclosure proceedings if Borrowers did not satisfy the total amount due.

There is no dispute that Borrowers' partial payments were less than the total amount needed to bring the loan current.

Bank initiated foreclosure proceedings and the case went to trial. At the conclusion of the non-jury trial, the court entered a final order that, in its entirety, stated, "[j]udgment entered in favor of Defendants [Borrowers]. Plaintiff [Bank] accepted partial payment after acceleration letter and thus failed to comply with paragraph 22." The court later denied Bank's motion for rehearing or in the alternative for a new trial. This appeal followed.

■ A trial court's construction of notes and mortgages are pure questions of law subject to de novo review. *Cleveland v. Crown Fin., LLC*, 183 So.3d 1206, 1209 (Fla. 1st DCA 2016).

The trial court's judgment was based on its stated assumption that, under Paragraph 22 of Borrowers' mortgage, Bank was required to send a new Paragraph 22 notice each time it accepted a partial payment. Paragraph 22 of the subject mortgage provided, in relevant part:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument *without further demand* and may foreclose this Security Instrument by judicial proceeding.

(Emphasis added).

Further, each partial payment notice also contained the following language:

> Bank of America, N.A. reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

This language is consistent with Paragraph 1 of the mortgage, which provided, in relevant part:

*Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future,* but Lender is not obligated to apply such payments at the time such payments are accepted.

(Emphasis added).

■ In entering final judgment for Borrowers, the trial court ruled that Bank did not comply with Paragraph 22 because the various notices received by Borrowers were confusing when considered together and did not adequately inform Borrowers of the necessary steps to cure. We disagree.

■ "The essential purpose of the requirement that a notice letter 'specify . . . the action required to cure the default' " is to "ensure[ ] that the borrower is informed of the lender's determination of what the borrower must do to bring the loan out of default." *Green Tree Servicing, LLC v. Milam,* 177 So.3d 7, 18 (Fla. 2d DCA 2015). "[A] notice of default need only substantially comply with a mortgage's condition precedent." *Lopez v. JPMorgan Chase Bank,* 187 So.3d 343, 345 (Fla. 4th DCA 2016).

As to the trial court's stated assumption that Bank was required to send a new acceleration notice every time it accepted a partial payment even if the principal amount due was never made current, this court has held that, depending on the mortgage's language, a bank can comply with paragraph 22 without having to issue a new acceleration notice if it had previously sent such a notice. *See Sill v. JPMorgan Chase Bank, Nat'l Ass'n,* 182 So.3d 851, 853 (Fla. 4th DCA 2016). In *Sill,* we explained:

Chase filed the new complaint less than two months after it voluntarily dismissed the first suit. Sill had not made any payments between receipt of the 2009 notice of default and the filing of the second complaint in 2013. The mortgage does not require that a new notice of default be sent, and we find that requiring a second notice of default would serve no practical purpose. As such, Chase's 2009 thirty-day notice of default remained valid and a second notice of default was not required before filing the second complaint based on the same default. Accordingly, we affirm.

*Id.; see also Milam,* 177 So.3d at 18 n. 4 ("It does not follow that a borrower's continuing and uninterrupted failure to make monthly payments—as existed in this case—requires a new paragraph twenty-two notice letter for each instance in which the borrower fails to pay.").

Despite the fact that the various letters stated different amounts needed to reinstate the loan, no partial payment made by Borrowers was sufficient to cure the default according to any of those letters' terms. Here, Paragraph 22 of the subject mortgage provided that if the default was not cured on or before the date specified in the notice, Bank could require immediate payment in full of all sums secured *at its option and without further demand.* Further, Paragraph 1 of the mortgage provided that Bank could accept any payment or partial payment insufficient to bring the loan current *without waiver of any rights.* Also, the initial breach letter expressly informed Borrowers that if they sent less than the full amount due, Bank could keep the payment, apply it to the outstanding debt, and still proceed to foreclosure. Additionally, the partial payment notices stated that Bank was not waiving any of its

rights under the loan by accepting partial payments.

Borrowers did not dispute that they were in default, nor did they contend that they had brought the loan current at any point since they received the breach letter of acceleration. Therefore, under the terms of the mortgage, any partial payment notices sent in this case could not retroactively alter the sufficiency of the notice previously provided to Borrowers by the breach letter. Bank was also not obligated to send new Paragraph 22 notices after each partial payment received since Borrowers never cured the total amount due.

In erroneously ruling for Borrowers based on Bank's supposed failure to satisfy Paragraph 22, the trial court explicitly refrained from determining if Bank otherwise proved its standing to foreclose. Nevertheless, in the interest of judicial economy, we find Bank produced sufficient evidence at trial to establish standing.

Because Bank substantially complied with Paragraph 22, we reverse the trial court's final judgment in favor of Borrowers and remand for the trial court to enter final judgment in favor of Bank. *Green Tree Servicing LLC v. Sanker,* —— So.3d ——, ——, 41 Fla. L. Weekly D1788, D1788, 2016 WL 4132690 (Fla. 4th DCA Aug. 3, 2016) ("Because … Green Tree established its standing and proved that it complied with the mortgage's contractual requirement to mail a notice of default to the Sankers as a condition precedent to foreclosure, we reverse and remand for entry of a final judgment of foreclosure in favor of Green Tree.").

*Reversed and Remanded.*

GROSS and LEVINE, JJ., concur.