NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HSBC BANK USA, N.A., as Trustee      )
for the Registered Holders of        )
Renaissance Equity Loan Asset-Backed )
Certificates, Series 2007-3,         )
                                     )
          Appellant,                 )
                                     )
v.                                   )     Case No. 2D17-2851
                                     )
SABATINO J. LEONE and                )
DIANA LEONE,                         )
                                     )
          Appellees.                 )
_____)

Opinion filed May 3, 2019.

Appeal from the Circuit Court for
Pinellas County; Pamela A.M. Campbell,
Judge.

Kimberly S. Mello and Danielle M. Diaz of
Greenberg Traurig, P.A., Tampa, for
Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa (withdrew after briefing), and
Sabatino J. Leone and Diana Leone, pro
se, for Appellees.


ATKINSON, Judge.

HSBC Bank USA, N.A., as Trustee for the Registered Holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 (the Bank) appeals the trial court's involuntary dismissal of its mortgage foreclosure action brought against Sabatino and Diana Leone (the Borrowers). After the Bank's first foreclosure action was dismissed without prejudice, the Bank filed a second foreclosure action predicated on the same default, which the trial court dismissed. Because the trial court's dismissal was based on the Bank's failure to send a new default notice prior to filing its second foreclosure action, we reverse. We have considered the alternative arguments raised by the Borrowers and find them to be without merit.

On June 20, 2007, the Borrowers executed a promissory note payable to Fidelity Mortgage, a division of Delta Funding Corporation, in the principal amount of $175,000. The note was secured by a mortgage executed by the Borrowers in favor of Fidelity Mortgage for the subject property. The note was then endorsed to Delta Funding Corporation followed by a blank endorsement. The Borrowers defaulted on the note and mortgage by failing to make the payment due on July 1, 2010, and all payments thereafter. Ocwen Loan Servicing (Ocwen), the mortgage loan servicer, sent two default notices on May 15, 2010, and January 28, 2011. The default letters advised the Borrowers of their default and ability to cure within thirty days.

On May 23, 2011, the Bank filed a foreclosure complaint against the Borrowers. In response, the Borrowers filed an amended motion to dismiss and for summary judgment, along with a supporting affidavit, arguing in part that the Bank failed to provide the notice required under paragraph 22 of the mortgage because it failed to attach any documents to its complaint showing it provided such notice. The trial court

granted the motion and dismissed the case without prejudice, finding that the Borrowers' affidavit, which was unrefuted by any counterevidence, established that the Bank failed to provide the required notice.

On June 3, 2013, the Bank filed a new foreclosure complaint against the Borrowers. The Bank alleged the same default date of July 1, 2010, as it had in the previous lawsuit. At a nonjury trial, the Bank presented the testimony of Diane Comstock, a senior loan analyst for Ocwen. Through her testimony, the two default letters were admitted into evidence.

After the Bank rested its case, the Borrowers moved for an involuntary dismissal, arguing that a new default notice was required to be mailed prior to filing the second foreclosure action. The trial court granted the Borrower's motion for involuntary dismissal, finding that there should have been a new paragraph 22 letter sent prior to the filing of the second case. The trial court reasoned that a new default notice must be sent because the amount due to cure the default would be much higher than the one stated in the prior default notice.

A trial court's ruling on a motion for involuntary dismissal is reviewed de novo. Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) (citing Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011)). The party who raises a motion for involuntary dismissal "admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party." Id. (quoting Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)). This court must "interpret and apply the provisions of mortgages the same way we interpret and apply the provisions of any other contract." Green Tree Servicing, LLC v.

- 3 -

Milam, 177 So. 3d 7, 12–13 (Fla. 2d DCA 2015).  Because a contract must be construed in accordance with its plain language, the plain language of a mortgage controls.  See Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011) (citing Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000)).  The relevant mortgage provision in this appeal is paragraph 22.  Paragraph 22 of the mortgage states, in pertinent part:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

Paragraph 22 of the mortgage further provides that "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding."  (Emphasis added.)

Paragraph 22 indicates that after a default and prior to acceleration, the Bank is required to provide the Borrowers with notice of the default and an opportunity to cure.  The notice requirements set forth in paragraph 22 of the mortgage are conditions precedent to the filing of a foreclosure action against the Borrowers.  See Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 162 (Fla. 3d DCA 2015) (citing Konsulian, 61 So. 3d at 1285)).

The Borrowers argue, and the trial court held, that paragraph 22 of the mortgage required the Bank to mail a new default notice before filing the second

- 4 -

foreclosure action.  The Borrowers rely on Bartram v. U.S. Bank National Ass'n, 211 So. 3d 1009 (Fla. 2016), and Schindler v. Bank of New York Mellon Trust Co., 190 So. 3d 102 (Fla. 4th DCA 2015), in support of their argument.  However, neither case supports their position.

In Bartram, the Florida Supreme Court addressed the issue of whether acceleration of payments due under a note and mortgage in a foreclosure action that was dismissed pursuant to Florida Rule of Civil Procedure 1.420(b) triggers the application of the statute of limitations to prevent a subsequent foreclosure action by the mortgagee based on payment defaults occurring subsequent to dismissal of the first foreclosure suit.  Bartram, 211 So. 3d at 1012.  The Florida Supreme Court held that the mortgagee "was not precluded by the statute of limitations from filing a subsequent foreclosure action based on payment defaults occurring subsequent to the dismissal of the first foreclosure action, as long as the alleged subsequent default occurred within five years of the subsequent foreclosure action."  Id. (emphasis added).  Bartram did not address the issue of whether paragraph 22 requires sending a new default notice before a second foreclosure action is filed based on the same default.  Bartram did acknowledge, however, that "a dismissal without prejudice would allow a mortgagee to bring another foreclosure action premised on the same default as long as the action was brought within five years of the default."  Id. at 1020 (emphasis added).

Nonetheless, the Borrowers relied on the proposition in Bartram—that the involuntary dismissal of a lender's first foreclosure lawsuit gives rise to the borrower's contractual right to deceleration of the balance due under paragraph 19 of the mortgage—to argue that a new notice has to be sent before the lender can re-

accelerate the balance due.  See id. at 1013–14, 1021 (citing paragraph 19 of the mortgage, which provides that a borrower has a right to reinstate the note and mortgage after acceleration if certain conditions are met).  However, the acceleration of a loan under paragraph 19 is different than meeting the condition precedent under paragraph 22 in order to provide the lender with the right to accelerate.

There is no language in Bartram that suggests that the dismissal of a foreclosure action without prejudice requires the lender to re-establish its right to exercise its option to accelerate by sending a new default notice under paragraph 22.  And nothing in paragraph 22 requires the lender to send a new default notice prior to filing a second foreclosure action based on the same default.

In Schindler, after the bank's first foreclosure case against the defendant was dismissed, the bank filed a second complaint seeking foreclosure based on the same default that was alleged in the first foreclosure case.  Schindler, 190 So. 3d at 103.  The trial court dismissed the bank's first foreclosure case because it "had 'chosen not to timely file an amended complaint.' "  Id.  The trial court dismissed the case pursuant to rule 1.420(b).  Id.  According to rule 1.420(b), "the order operates as an adjudication on the merits '[u]nless the court in its order of dismissal otherwise specifies.' "  Id. at 104.  Because the trial court's order did not specify that the order does not operate as an adjudication on the merits, the Fourth District found that it had the effect of a dismissal with prejudice.  Id.  Thus, the dismissal of the prior case necessitated the sending of a new default notice because the dismissal was an adjudication on the merits.  See id. at 105 ("Because Bank's second foreclosure action

was predicated upon the same default raised in the first action, the prior adjudication on the merits barred Bank from relying on that default under the doctrine of res judicata.").

Here, unlike in Schindler, the dismissal was without prejudice and was, therefore, not an adjudication on the merits. As such, the Bank was not required to send a new default notice prior to filing the second foreclosure action, and the trial court erred in concluding otherwise.

The reasoning of the Fourth District's decision in Sill v. JPMorgan Chase Bank, National Ass'n, 182 So. 3d 851 (Fla. 4th DCA 2016), further supports the conclusion that the Bank was not required to mail a new default notice before filing a second foreclosure action based on the same default when the first foreclosure action was dismissed without prejudice. In Sill, after the borrower defaulted on the loan, Chase sent a default notice pursuant to paragraph 22, advising him that he had thirty days to cure the default or the loan would be accelerated. Id. at 852. After the borrower failed to cure the default, Chase filed a foreclosure complaint, which was voluntarily dismissed without prejudice. Id. Chase then filed a second foreclosure complaint alleging the same default. Id. The borrower argued that paragraph 22 required Chase to mail a second default notice before filing the second foreclosure action. Id. The Fourth District disagreed, stating the following:

> Chase filed the new complaint less than two months after it voluntarily dismissed the first suit. Sill had not made any payments between receipt of the 2009 notice of default and the filing of the second complaint in 2013. The mortgage does not require that a new notice of default be sent, and we find that requiring a second notice of default would serve no practical purpose. As such, Chase's 2009 thirty-day notice of default remained valid and a second notice of default was not required before filing the second complaint based on the same default.

Id. at 852–53. The Fourth District also distinguished its previous holding in Schindler, explaining that the "holding in Schindler—that a borrower is entitled to a new notice before the second complaint is filed—applies where the dismissal of the first complaint was an adjudication on the merits." Sill, 182 So. 3d at 852. A new default notice is not required before the filing of the second complaint when the dismissal of the first complaint was without prejudice and thus not an adjudication on the merits. See id. at 853.

Furthermore, the trial court's assertion that a new default notice must be sent after a dismissal without prejudice because the amount due to cure the default would be different than the one stated in the prior default notice is misplaced. There is no requirement that a new default notice must be sent for each subsequent default prior to filing a foreclosure action. See Milam, 177 So. 3d at 18 n.4 ("It does not follow that a borrower's continuing and uninterrupted failure to make monthly payments—as existed in this case—requires a new paragraph twenty-two notice letter for each instance in which the borrower fails to pay."); Nationstar Mortg., LLC v. Silva, 239 So. 3d 782, 785 (Fla. 3d DCA 2018) ("As long as the default was not cured, and the Silvas did not pay, Nationstar was not required to send another default letter before accelerating the mortgage and proceeding with the foreclosure." (emphasis added)); Bank of N.Y. Mellon v. Withum, 204 So. 3d 136, 139 (Fla. 4th DCA 2016) ("Bank was also not obligated to send new Paragraph 22 notices after each partial payment received since Borrowers never cured the total amount due.").

Here, the Borrowers failed to make the payment due on July 1, 2010, as well as all subsequent payments. Because the default was never cured, the Bank was

not required to send a new default notice before filing a second foreclosure action based on the same default. Accordingly, we reverse the trial court's order of dismissal and remand for further proceedings.

Reversed and remanded.

MORRIS and BADALAMENTI, JJ., Concur.