DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF FELLSMERE,**
Appellant,

v.

**ELIAS ALMANZA, UNKNOWN OCCUPANT NO. 1,** and
**UNKNOWN OCCUPANT NO. 2,**
Appellees.

No. 4D2023-0983

[March 6, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 312020CA000533.

D. Johnathan Rhodeback of Dill, Evans & Rhodeback, Sebastian, for appellant.

No appearance for appellees.

FORST, J.

Appellant City of Fellsmere ("the City") timely appeals the trial court's dismissal of its code lien enforcement foreclosure action against appellee Elias Almanza ("Owner"). After a non-jury trial, the trial court found that the City had failed to submit evidence of damages and involuntarily dismissed its foreclosure action. However, before the trial, the City had obtained a clerk's default against Owner, and this default entitled the City to a foreclosure judgment. Thus, we reverse and remand for the trial court to enter a final judgment of foreclosure in the City's favor.

**Background**

In 2017, after police conducted a raid on Owner's property located at 1004 Lincoln Street ("Lincoln Property"), they sent the City's manager photographs of the Lincoln Property, showing it in a state of disrepair. The City's manager spoke with Owner and sent Owner a series of letters detailing the aspects of the Lincoln Property which the City had determined were violating the City's code.

The violations were not fixed, so the City began code enforcement proceedings against Owner. *The City and Owner appeared before a special master, who found that Owner's property was violating City ordinances and imposed a code enforcement lien against the Lincoln Property.*

The special master's order imposed a one-time civil penalty of $165.00, a one-time administrative fee of $303.94, and a daily fine of $90.00 accruing until Owner fixed the Lincoln Property's violations. The special master's order found the Lincoln Property began violating the City's ordinances on April 9, 2018, and the deadline for compliance was May 14, 2018. The special master's order was entered on July 3, 2018, meaning by the time the order was entered, the daily fines had already begun to accrue. *Owner did not appeal the special master's decision, and the order was recorded as a lien under section 162.09(3), Florida Statutes (2018).*

The City then moved to foreclose the code enforcement lien against the Lincoln Property and against one of Owner's other properties. The City's complaint alleged that the special master had imposed a recorded code enforcement lien stemming from Owner's failure to correct code violations on the Lincoln Property. A copy of the special master's order was attached to the complaint. The complaint also stated that Owner had not paid the fines imposed by the special master's order and that Owner had not fixed the violations set forth in the order.

*Owner never responded to the complaint, so a clerk's default was entered against Owner.* The City then moved for summary judgment, arguing that the clerk's default entitled it to a final order of foreclosure. This motion was denied, and the case proceeded to trial.

At trial, the City moved for judgment on the pleadings, again arguing that the clerk's default entitled the City to a judgment and that the trial should, at most, focus only on damages. The trial court denied this motion without explanation. During the trial, Owner admitted to not fixing a majority of the violations, primarily arguing that the special master incorrectly imposed violations that were on his neighbor's property, and that the special master imposed violations on portions of his property that were not violating the City's code.

Nevertheless, without Owner requesting a dismissal, the trial court dismissed the case at the close of the trial. The City's manager had testified that he did not have recent photos of the property and that he had only briefly driven by the Lincoln Property a week or two prior to trial. The trial court reasoned that a dismissal was proper because City failed to

2

show damages by establishing the property's condition from the date of the special master's ruling to the date of the trial. The trial court then extinguished the City's lien and determined that Owner no longer had any liability for the fines.

The City moved for rehearing, arguing the trial court erred in dismissing the case because the special master's order itself entitled the City to at least some damages, a clerk's default had been entered, and Owner admitted some of the violations were not corrected. The City's motion was denied, and this timely appeal follows.

**Analysis**

The City argues the trial court erred in dismissing its foreclosure action because the clerk's default against Owner entitled it to a foreclosure judgment totaling the accrual of daily fines from the date of the violations to the date of the trial.

"A trial court's ruling on a motion for involuntary dismissal is reviewed de novo." *HSBC Bank USA, N.A. v. Leone*, 271 So. 3d 172, 174 (Fla. 2d DCA 2019); *see also Heine v. Fla. Atl. Univ. Bd. of Trs.*, 360 So. 3d 412, 416 (Fla. 4th DCA 2023) ("An appellate court reviews a motion to dismiss using a de novo review.").

To foreclose on a code enforcement lien, a city is required to show the entry of an order imposing a lien, fines accrued from the order, and an outstanding balance on the lien. *See* § 162.09(3), Fla. Stat. (2017); *City of Riviera Beach v. J & B Motel Corp.*, 213 So. 3d 1102, 1103 (Fla. 4th DCA 2017); *State Rd. 7 Inv. Corp. v. Natcar Ltd. P'ship*, 82 So. 3d 1013, 1017–18 (Fla. 4th DCA 2011); *Deutsche Bank Tr. Co. Ams. v. JB Inv. Realty, LLC*, 274 So. 3d 1114, 1115 (Fla. 4th DCA 2019) (explaining that a foreclosure plaintiff must prove the amount due or show an outstanding debt).

Under Florida Rule of Civil Procedure 1.500(a), "[w]hen a party against whom affirmative relief is sought has failed to file or serve any document in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such document." When a clerk's default is entered for failing to file any responsive pleadings, the default operates "as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages." *State Tr. Realty, LLC v. Deutsche Bank Nat'l Tr. Co. Ams.*, 207 So. 3d 923, 926 (Fla. 4th DCA 2016) (quoting *Mullne v. Sea–Tech Constr. Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012)).

3

A clerk's default entitles the plaintiff to all liquidated damages, but not to unliquidated damages. *See Phadael v. Deutsche Bank Tr. Co. Ams.*, 83 So. 3d 893, 895 (Fla. 4th DCA 2012); *Talbot v. Rosenbaum*, 142 So. 3d 965, 967 (Fla. 4th DCA 2014). The test for liquidated damages is whether "the proper amount to be awarded can be determined with exactness from the cause of action as pleaded." *Bodygear Activewear, Inc. v. Counter Intel. Servs.*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (quoting *Pierce v. Anglin*, 721 So. 2d 781, 783 (Fla. 1st DCA 1998)).

Here, the clerk's default entitled the City to foreclose on its code enforcement lien. The City's complaint alleged: (1) the entry of an order imposing a fine under section 162.09(3) until the violation was corrected; (2) the order was recorded as a lien because the violation had not been corrected; (3) the violations had never been corrected; and (4) no fines had ever been paid. A copy of the special magistrate's order was also attached to the complaint. Therefore, because the clerk's default admitted the truth of these allegations, the City's complaint was adequate to state a case for foreclosure and the trial court erred when it dismissed the case.

Additionally, the value of the City's code enforcement lien was a liquidated damage, because the special master's order provided the calculation by which the trial court was to determine the fine amount. *See Miami Beverly LLC v. City of Miami*, 225 So. 3d 989, 992–93 (Fla. 3d DCA 2017) ("Because the liens attached to the complaint specified the daily accrual rates, and the calculation of the damages was based upon a simple arithmetical calculation, the damages were . . . liquidated damages."). Accordingly, on remand, the trial court shall calculate the amount of the lien as a civil penalty, plus the administrative fee, plus the total daily fine accruing from the date when the special master's order found the property to be in violation to the date of the trial, plus interest. *See* § 162.09(3), Fla. Stat. (2017).

## Conclusion

Because the City obtained a clerk's default against Owner, the latter admitted the truth of the well-pleaded allegations of the City's complaint, which entitled the City to foreclose its code enforcement lien. Thus, we reverse the trial court's involuntary dismissal of the City's foreclosure complaint and remand for the trial court to enter final judgment of foreclosure in the City's favor, calculating the amount of the lien as the civil penalty plus daily fines from the date of the violations (April 9, 2018) to the date of the trial, plus interest.

*Reversed and remanded with instructions.*

WARNER and DAMOORGIAN, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*